# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **CEDRIC ALLEN RICKS**,<br>       Petitioner,<br><br>v.<br><br>**BOBBY LUMPKIN, Director**,<br>Texas Department of<br>Criminal Justice,<br>Correctional Institutions Division,<br>       Respondent. | Case No. 4:20-CV-1299-O<br><br>U.S. District Judge Reed C. O'Connor |

# MOTION FOR ORDER DIRECTING TRIAL COUNSEL
# TO TURN OVER FILES AND RECORDS
# TO FEDERAL HABEAS COUNSEL

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746 (phone) 214-767-2886 (fax)
Naomi_fenwick@fd.org

**THIS IS A CAPITAL CASE**

COMES NOW Petitioner Cedric Ricks, by and through undersigned counsel, and moves this Court to order trial counsel, Mr. William Ray and Mr. Stephen Gordon, to turn over Mr. Ricks' files and records to his appointed federal habeas counsel, as required by Texas law. *In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013). In support, Mr. Ricks shows the following:

## I.

Mr. Ricks was convicted of capital murder and sentenced to death by the 371st District Court of Tarrant County, Texas, on May 16, 2014. At trial, Mr. Ricks was represented by court-appointed attorneys Mr. William Ray and Mr. Stephen Gordon.

The Texas Court of Criminal Appeals ("CCA") affirmed Mr. Ricks's conviction and death sentence on October 4, 2017. *Ricks v. State*, AP-77,040, 2017 WL 4401587 (Tex. Crim. App. Oct. 4, 2017). The CCA denied Mr. Ricks's application for state habeas corpus relief on November 18, 2020. *Ex parte Ricks*, WR-85278-01, 2020 WL 6777958 (Tex. Crim. App. Nov. 18, 2020). On January 4, 2021, this Court appointed undersigned counsel to represent Mr. Ricks in federal habeas corpus proceedings. *See* ECF No. 4.

After appointment, undersigned counsel contacted trial counsel by email to request that Mr. Ray and Mr. Gordon turn over all files and records in connection with trial counsel's representation of Mr. Ricks at trial. Undersigned counsel sent trial counsel releases, including a HIPAA-compliant release, signed by Mr. Ricks, authorizing undersigned counsel to request and obtain Mr. Ricks's files and records from trial counsel.

In a later telephonic conversation with undersigned counsel, Mr. Ray indicated that he would not turn over all files and records from his representation of Mr. Ricks at trial. In a non-exhaustive list, Mr. Ray indicated that he would not turn over some of the records in the file, including notes and materials from jury selection, records and materials obtained from the Tarrant County District Attorney's Office, travel records for Mr. Ray and his agents/staff from travel

undertaken in connection with Mr. Ricks's trial, and other documents. In an email to undersigned counsel, Mr. Gordon indicated that he shared an office with Mr. Ray.

## II.

Texas law unequivocally makes clear that "[t]he client's file belongs to the client." *In re McCann*, 422 S.W.3d at 704. In other words, "a client owns the content of his or her file." *Id.* at 705; *see Burnett v. State*, 642 S.W.2d 765, 769 (Tex. Crim. App. 1982) (en banc) (holding that regardless of characterization of record from client's file, record is "the property" of the client in the attorney-client relationship). Moreover, Texas follows the entire file standard, meaning that "the client owns *all* the documents within the client's file." *In re McCann*, 422 S.W.3d at 704 n.6 (emphasis added). This includes any work product. *Burnett*, 642 S.W.2d at 769 (even where record is characterized as work product, record belongs to the client); *Resolution Trust Corp. v. H----, P.C.*, 128 F.R.D. 647, 649 (N.D. Tex. 1989) (finding that work product doctrine cannot be used by attorney to resist turning over client's files and records); *see also Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982) ([T]he work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation.").

The Texas Disciplinary Rules of Professional Conduct make clear that, upon termination of representation, counsel must turn over all files and records connected to representation of a client. Tex. Disciplinary R. Prof'l Conduct 1.15(d) ("Upon termination of representation, a lawyer *shall* take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled[.]) (emphasis added). The Disciplinary Rules and Texas law also make clear that an attorney may not elect what files and records to turn over or withhold. *Id.* 3.04(a) ("A lawyer shall not . . . in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material. . . ."); *see Resolution Trust Corp*,

128 F.R.D. at 650 ("To allow the attorney to decide which materials may or may not be revealed . . . would fundamentally undermine the fiduciary relationship between an attorney and a client.").

Recently, this Court was presented with a similar issue *Melendez v. Davis*, No. 4:00-cv-00190 (N.D. Tex. Feb. 3, 2020), in which prior counsel had not turned over to successor counsel in a capital habeas proceeding all files and records as required under Texas law. This court promptly entered an Order requiring all documents to be turned over to successor counsel. *Id.* at ECF No. 32, (N.D. Tex. Feb. 6, 2020). Mr. Ricks requests the same relief here.

### III.

Under Texas law and the Texas Disciplinary Rules of Professional Conduct, Mr. Ray and Mr. Gordon have an obligation to turn over to Mr. Ricks or his authorized representative *all* files and records connected to their representation of Mr. Ricks. *All* files and records are the property of Mr. Ricks, who has authorized undersigned counsel to request and obtain them from trial counsel.

Mr. Ray and Mr. Gordon have represented to undersigned counsel that most of their files and records are electronic files, and undersigned counsel has indicated their availability to assist with the transfer of electronic and physical files. Mr. Ricks's federal habeas petition is currently due by November 17, 2021. *See* ECF No. 4. Undersigned counsel requests that Mr. Ray and Mr. Gordon provide Mr. Ricks's file to undersigned counsel 21 days from this Court's Order.

### CONCLUSION

For these reasons, Mr. Ricks respectfully requests that this Court order trial counsel, Mr. William Ray and Mr. Stephen Gordon, to turn over to undersigned counsel all files and records, including jury information, medical records, witnesses' identifying information, and any and all other documents connected to their representation of Mr. Ricks within 21 days of this Court's Order.

DATED: April 20, 2021                Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS
Supervisor, Capital Habeas Unit

*/s/ Naomi Fenwick*
Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
naomi_fenwick@fd.org

*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

Naomi Fenwick, counsel for Mr. Ricks, has conferred with opposing counsel, Rachel Patton of the Texas Attorney General's Office, and Ms. Patton has indicated that the Director is opposed to the relief sought in this motion.

/s/ *Naomi Fenwick*
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served by CM/ECF upon counsel for Respondent on April 20, 2021:

Rachel Patton
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711
rachel.patton@oag.texas.gov

/s/ *Naomi Fenwick*
Assistant Federal Defender