IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRIC RICKS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 4:20-CV-1299-O |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR ORDER DIRECTING TRIAL COUNSEL TO TURN OVER FILES AND RECORDS TO FEDERAL HABEAS COUNSEL**

COMES NOW, the Director, by and through undersigned counsel, and provides to this Court his opposition to Petitioner's Motion for Order Directing Trial Counsel to Turn Over Files and Records to Federal Habeas Counsel.

While Ricks does not entitle his motion as such, his request constitutes a request for discovery. It is only under the discovery rules that this Court has jurisdiction to consider Ricks's request. *See* Fed. R. Civ. P. 37(a)(2), (3).

However, Ricks's request does not meet the statutory requirements to permit this Court to order discovery as he desires.[1],[2]

Parties to a federal habeas action under 28 U.S.C. § 2254 are not automatically entitled to discovery under the Federal Rules of Civil Procedure. Rather, under the Rules Governing Section 2254 Cases in the United States District Courts, a party may invoke discovery processes only if and to the extent that the court grants leave "for good cause shown." Rules Governing 2254 Cases, Rule 6; *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998). The rule, in pertinent part, states:

> (a) Leave of court required. A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

---

[1] The Director does not contend that Ricks is not entitled to a copy of his case file. The Director's opposition is that Rule 6 discovery is an inappropriate mechanism for Ricks to obtain such. It is the responsibility of Texas courts and other appropriate agencies to enforce the Texas laws and rules to which Ricks cites. *See In re McCann*, 422 S.W.3d 701, 704–05 (Tex. Crim. App. 2013).

[2] As support for his request, Ricks references *Melendez v. Davis*, No. 4:00-CV-00190 (N.D. Tex. 2020), where this Court entered an order requiring documents to be turned over to subsequent counsel. However, the posture of the *Melendez* case was very different. Most importantly is the fact that the Petitioner in that case was requesting the files of Petitioner's *federal* habeas attorney—an attorney that court had appointed. Furthermore, Melendez was requesting a copy of the file long after the conclusion of his initial federal habeas proceedings. Whereas in this case, Ricks is asking this court to order a nonparty, an attorney uninvolved with the federal proceedings, to produce documents.

Rules governing §2254 cases, Rule 6(a) (West 2021).

Although the rules do not define "good cause," the Supreme Court has noted that the rule is consistent with its decision in *Harris v. Nelson*, 394 U.S. 286 (1969). *Bracy*, 520 U.S. at 909. In *Harris*, the Court reasoned that habeas actions are particularly unsuited for literal application of the civil discovery rules and concluded that in appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie claim for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to "dispose of the matter as the law and justice require." 394 U.S. at 290 (citation omitted); *see Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Good cause may be found when a petition for habeas corpus relief 'establishes a prima facie [case] for relief.'") (quoting *Harris*, 394 U.S. at 289)).

Thus, post-conviction discovery is not to be used as a vehicle to enable a habeas applicant to meet his initial burden of establishing a prima facie claim. Instead, a petitioner in a habeas action bears the burden of establishing a prima facie claim for relief before discovery can properly be granted. *See Bracy*, 520 U.S. at 909 (habeas petitioner entitled to discovery where he made "specific allegations in support of his habeas claim); *cf. Jones v. Johnson*, 171 F.3d 270, 278 (5th Cir. 1999) ("Jones' . . . claim that he is entitled to discovery must . . . fail, as he has not made specific factual allegations showing that he is entitled

3

to discovery"); *Gibbs v. Johnson*, 154 F.3d at 259 (affirming district court's denial of discovery because "Gibbs did not make the kind of particularized allegations or showing demanded by *Bracy*"). A petitioner's "allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000); *see Murphy v. Johnson*, 205 F.3d at 814 ("Rule 6 . . . does not authorize fishing expeditions").

Additionally, Section 2254(e)(2) applies where § 2254(d) does not bar relief. *Cullen v. Pinholster*, 563 U.S. 170, 185–86 (2011). And it applies equally to claims without a state-court merits adjudication. *Id.* Further, the "same restrictions apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing." *Holland v. Jackson*, 542 U.S. 649, 653 (2004) ("Those same restrictions [in § 2254(e)(2)] apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing."). Therefore, regardless of which avenue Ricks may choose to proceed under, any information obtained from the records requested would be inadmissible as support for a claim on federal habeas and he cannot establish good cause entitling him to discovery. *Davis v. Bobby*, No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("How can good cause exist to conduct discovery that, as a matter of law, cannot be used?"); *Soffar v. Stephens*, No. H-12- 3783, 2014 WL 12642575, at *2 (S.D. Tex. July 14, 2014) ("Presumably, good cause

4

cannot exist for discovery that would result in evidence a court cannot consider.").

## CONCLUSION

Wherefore, premises considered, the Director respectfully requests that this Court deny Petitioner's Motion for Order Directing Trial Counsel to Turn Over Files and Records to Federal Habeas Counsel.

                              Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Rachel L. Patton*
RACHEL L. PATTON*
*Lead Counsel        Assistant Attorney General
State Bar No. 24039030
Southern ID No. 3120286

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936–1400
Facsimile No. (512) 936–1280

ATTORNEYS FOR RESPONDENT

5

## CERTIFICATE OF SERVICE

I do hereby certify that on May 6, 2021, I electronically filed the forgoing pleading with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record, who consented in writing to accept the Notice as service of this document by electronic means:


Jeremy Don Schepers
Naomi Roseanna Fenwick
Federal Public Defender's Office
525 S. Griffin Street
Suite 629
Dallas, Texas 75202


                                          */s/ Rachel L. Patton*
                                          RACHEL L. PATTON
                                          Assistant Attorney General