IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CEDRIC ALLEN RICKS**,
    Petitioner,

  v.

**BOBBY LUMPKIN, Director**,
Texas Department of
Criminal Justice,
Correctional Institutions Division,
    Respondent.

Case No. 4:20-CV-1299-O

U.S. District Judge Reed C. O'Connor

# MOTION FOR RECONSIDERATION OF
# ORDER DENYING MOTION TO PRODUCE DOCUMENTS

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746 (phone)
214-767-2886 (fax)
naomi_fenwick@fd.org

**THIS IS A CAPITAL CASE**

Petitioner Cedric Ricks, by and through undersigned counsel, moves this Court to reconsider this Court's Order Denying Motion to Produce Documents. ECF No. 10. In that Order, this Court found that "Ricks identifies no legal authority giving this court jurisdiction over a pair of attorneys who are not parties to this legal action, have never appeared as counsel of record in this court in this cause, and are not identified by Ricks as members of the Bar of this court." *Id.* This Court, however, has jurisdiction over trial counsel and a United States District Court for the Northern District of Texas has previously exercised its jurisdiction in identical circumstances, ordering trial counsel to release a client's file to federal habeas counsel. *See Busby v. Thaler*, No. 4:09-cv-160 (N.D. Tex. Feb. 5, 2010) ECF No. 19. Because this Court may order trial counsel to release Mr. Ricks's file, which is necessary to federal habeas counsel's representation, Mr. Ricks respectfully requests that this Court reconsider its Order Denying Motion to Produce Documents.

## FACTS

Mr. Ricks was convicted of capital murder and sentenced to death by the 371st District Court of Tarrant County, Texas, on May 16, 2014. At trial, Mr. Ricks was represented by court-appointed attorneys Mr. William Ray and Mr. Stephen Gordon. After the Texas Court of Criminal Appeals denied Mr. Ricks's application for state habeas corpus relief, *Ex parte Ricks*, WR-85,278-01, 2020 WL 6777958 (Tex. Crim. App. Nov. 18, 2020), this Court appointed undersigned counsel pursuant to 18 U.S.C. § 3599 to represent Mr. Ricks in federal habeas proceedings on January 4, 2021. ECF No. 4.

After appointment, and as previously set out, undersigned counsel sought to obtain all files and records in connection with Mr. Ray's and Mr. Gordon's representation of Mr. Ricks at trial. ECF No. 7 at 2–3. Mr. Ray indicated to undersigned counsel that he would not turn over some of the records and files absent a court order, including notes and materials from jury selection, records

1

and materials obtained from the Tarrant County District Attorney's Office, travel records for Mr. Ray and his agents/staff from travel undertaken in connection with Mr. Ricks's trial, and other documents. *Id.*; *see* Appendix 1.

On April 20, 2021, Mr. Ricks filed in this Court a Motion for Order Directing Trial Counsel to Turn Over Files and Records to Federal Habeas Counsel. ECF No. 7. In his Motion, Mr. Ricks explained that because trial counsel's file belongs to their former client, trial counsel have an obligation to turn over to Mr. Ricks or his authorized representative all files and records connected to their representation of Mr. Ricks. *Id.* at 4. On April 22, 2021, this Court ordered the Director to respond to Mr. Ricks's Motion and noted that Mr. Ricks had not "indicate[d] any basis upon which this court can exercise personal jurisdiction over an attorney who is not a party to this federal habeas proceeding and who has not appeared before this Court in this proceeding." ECF No. 8. On April 26, 2021, trial counsel filed in this Court the Response of William H. "Bill" Ray and Stephen Gordon, State Trial Attorneys for Cedric Allen Ricks, Petitioner.[1] Appendix 1. Mr. Ray and Mr. Gordon indicated that they are not opposed to Mr. Ricks's Motion and would comply with any order issued by this Court. *Id.*

On May 6, 2021, the Director filed his Brief in Opposition to Petitioner's Motion. ECF No. 9. The Director did not acknowledge trial counsel's Response and did not include any argument on this Court's personal jurisdiction over trial counsel. *Id.* Rather, without specifically addressing whether this Court has jurisdiction, the Director stated in a footnote that Mr. Ricks

---

[1] Trial counsel's Response to Mr. Ricks's motion was attached in a letter addressed to this Court and stylized as a filing in this Court. *See* Appendix 1. Neither their letter nor their Response, however, appears on the docket. Trial counsel provided a copy of this Response to undersigned counsel and counsel for the Director. *Id.*

2

should seek relief on this matter in state court. *Id.* at 2 n.1.[2] The following day, before Mr. Ricks was able to file a reply in support of his motion, this Court issued an Order Denying Motion to Produce Documents. ECF No. 10. Because this Court has the authority to order trial counsel to release Mr. Ricks's files, this Court should reconsider its Order and grant Mr. Ricks access to trial counsel's full file.

**ARGUMENT**

**I.      This Court has jurisdiction to order trial counsel to release Mr. Ricks's file to undersigned counsel.**

Mr. Ricks's case presents the same issue previously considered in *Busby v. Thaler*, No. 4:09-cv-160 (N.D. Tex. Feb. 5, 2010). There, a capital federal habeas petitioner moved for an order from the court, Judge Means presiding, to direct state trial and state habeas counsel to turn over their files to federal habeas counsel prior to the filing of his federal habeas petition. *Id.* at ECF No. 15; 19. The court had previously "ordered Petitioner's trial counsel to preserve the integrity of all files concerning Petitioner, including their entire content." *Id.* at ECF No. 19. On the petitioner's further motion to obtain trial and state habeas counsel's files, the court "ordered [trial counsel and states habeas counsel] to produce to [federal habeas counsel] those portions of [petitioner's] file that have not already been provided[.]" *Id.*

---

[2] The Director primarily argued that Mr. Ricks's Motion qualifies as a discovery request and argued that any discovery is barred by 28 U.S.C. § 2254(e). ECF No. 9 at 4 (citing *Cullen v. Pinholster*, 563 U.S. 170, 185–86 (2011)). But § 2254(e) does not bar Mr. Ricks from obtaining trial counsel's files. Rather, it precludes federal evidentiary development only when the court is assessing whether a state court decision on the merits of a claim for relief was contrary to or an unreasonable application of the law under 28 U.S.C. § 2254(d)(1). *Pinholster*, 563 U.S. at 180–81. The Director's argument assumes entirely that Mr. Ricks seeks to obtain trial counsel's files in order to adduce "new evidence" in support of "claims without a state-court adjudication." ECF No. 9 at 4. Mr. Ricks has not made any such representation and § 2254(e) is irrelevant to his request to obtain trial counsel's files and records.

3

In granting the petitioner's motion to direct trial and state habeas counsel to turn over their files and records, the court observed that the strictures of discovery did not apply to the petitioner's request because "the petitioner has a right to the information contained in the files of his prior attorneys . . . and this Court has the inherent power to issue orders in aid of its jurisdiction." *Id.* at ECF No. 19 at 1–2 (citing *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982), and 28 U.S.C. § 1651). The court further found that trial counsel's and state habeas counsel's refusal to turn over their files and records constituted "an appropriate circumstance to invoke this Court's jurisdiction 'over persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate . . . the proper administration of justice.'" *Id.* at 2 (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

The facts before this Court and upon which Mr. Ricks seeks an order directing trial counsel to turn over their files and records are indistinguishable from those before the court in *Busby*. Thus, there is clear precedent for this Court to grant Mr. Ricks's motion and order trial counsel to turn over their files and records. In addition, this Court has personal jurisdiction over Mr. Ray and Mr. Gordon. First, both Mr. Ray and Mr. Gordon are domiciled in Texas and this Court therefore has general personal jurisdiction.[3] *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) ("In what we have called the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile." (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014))).

Second, unlike in *Busby*, Mr. Ray and Mr. Gordon have submitted to this Court's jurisdiction and inserted themselves into the proceedings before it. Appendix 1. In a response to Mr. Ricks's motion stylized as a filing in this Court, Mr. Ray and Mr. Gordon unequivocally agreed

---

[3] In his letter to this Court, Mr. Ray listed his address as being in Texas. Appendix 1.

4

to "provide all items in their file in response to the Court's order as it may direct." *Id.* Mr. Ray and Mr. Gordon have thus consented to this Court's jurisdiction and indicated that they will abide by any order this Court directs at them. *See Rhurgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("[A] party may insist that [personal jurisdiction] be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority."); *Burger King Corp. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." (internal quotations omitted)).

Finally, both Mr. Ray and Mr. Gordon are members in good standing of the bar of this Court.[4] Local Rule 83.8(e) requires that members of the bar of this Court adhere to the rules governing the conduct of Texas lawyers. As briefed by Mr. Ricks in his motion, the Texas Disciplinary Rules of Professional Conduct make clear that counsel must turn over all files and records and may not elect what files and records to turn over or withhold. ECF No. 7 at 3.

## II. Trial counsel's files and records belong to Mr. Ricks and are necessary for his federal habeas representation.

This Court can grant the relief sought by Mr. Ricks. First, as previously stated in Mr. Ricks's motion, under both Texas and federal court precedent, trial counsel's files and records in connection with their representation of Mr. Ricks are the property of Mr. Ricks. ECF No. 7 at 3. The Director does not dispute that Mr. Ricks is "entitled to a copy of his case file." ECF No. 9 at 2 n.1. Hence, Mr. Ricks is only seeking to obtain records and files which, by law, are his property.

Second, as acknowledged by the court in *Busby*, this Court can enter orders to facilitate the preparation and presentation by counsel appointed under § 3599 of a federal habeas corpus

---

[4] The attorney admission status of Mr. Ray and Mr. Gordon to the bar of this Court are publically available at: https://ecf.txnd.uscourts.gov/public/atystat/attystatus.cfm?view#.

application. It is well settled that a federal district court may, and in certain circumstances is required to, grant pre-petition measures necessary to enable a federal habeas petitioner to investigate and develop claims in federal habeas. *See McFarland v. Scott*, 512 U.S. 849, 856–57 (1994) ("[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application."); *Ayestas v. Davis*, 138 S. Ct. 1080, 1093 (2018) (holding that "it may be error for a district court to refuse funding" where such funding "stands a credible chance of enabling a habeas petitioner to overcome" procedural default to present a claim of ineffective assistance of trial counsel). Here, trial counsel's files and records from their representation of Mr. Ricks, including notes and materials from jury selection, records and materials obtained from the Tarrant County District Attorney's Office, are necessary to enable Mr. Ricks to investigate potentially viable claims and present an application for writ of federal habeas corpus.

### III.   Legal authority does not support the limitations sought by trial counsel to turning over certain information.

In their Response, Mr. Ray and Mr. Gordon seek an order from this Court regarding disclosure to undersigned counsel of "identifying information of witnesses and the trial team, medical records of the surviving victim, as well as the entire case file generally." Appendix 1 at 5. Although not expressly included in their request to this Court, Mr. Ray and Mr. Gordon also argue that Texas law precludes them from turning over to successor counsel any information concerning jury matters, as well as any information obtained from the State. Appendix 1 at 3–4; 5. Mr. Ray and Mr. Gordon, however, identify no legal authority restricting disclosure to federal habeas counsel.

From the outset, counsel may not elect what files and records to turn over to a former client. *Resolution Trust Corp. v. H----, P.C.*, 128 F.R.D. 647, 650 (N.D. Tex. 1989) ("To allow the attorney to decide which materials may or may not be revealed . . . would fundamentally undermine

the fiduciary relationship between an attorney and a client."); Tex. Disciplinary R. Prof'l Conduct 3.04(a) ("A lawyer shall not . . . in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material. . . ."). Concerning jury matters, Mr. Ray and Mr. Gordon cite Tex. Code Crim. Proc. art. 35. 29, which expressly includes disclosure of jury information to state successor counsel. Appendix 1 at 3. To the extent that Article 35. 29 is concerned with state court proceedings and therefore includes state habeas counsel, Mr. Ray and Mr. Gordon cite to no authority and provide no rationale precluding disclosure of jury matters to federal habeas counsel. Similarly, Texas Ethics Opinion #657, which Mr. Ray and Mr. Gordon rely on to posit that trial counsel may not disclose information obtained from the State to successor counsel, stands for the contrary position. Appendix 1 at 5. It notes that Article 39.14(f) prohibits counsel from giving a copy of certain information to a *defendant or witness* and does not prevent former counsel from turning over that information to successor counsel. Moreover, that opinion expressly relies on Tex. Code Crim. Proc. art. 39.14(f), which post-dates the offense in Mr. Ricks's case and is therefore inapplicable here. *See* 2013 Tex. Sess. Law. Serv. Ch. 49 (S.B. 1611) § 3 ("The change in law made by this Act applies to the prosecution of an offense committed on or after the effective date of this Act."); *id.* § 4 ("This Act takes effect January 1, 2014.").

Mr. Ray and Mr. Gordon identify no legal authority in support of any limitations to the disclosure of identifying information from witnesses and members of the trial team. To the extent that Mr. Ray and Mr. Gordon wish to restrict access to their own personal information, including dates of birth and frequent flier mile numbers, *see* Appendix 1 at 3, undersigned counsel is not opposed to those redactions.

Finally, Mr. Ray and Mr. Gordon claim that HIPAA limits them from releasing medical information pertaining to a victim in this case. Those documents would appear to include hospital

7

records that resulted from the crime at issue, which are directly relevant to undersigned counsel's obligations. *See* ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases (rev. ed. 2003), 31 Hofstra L. Rev. 913, 969 (2003), Guideline 10.7(B)(1) ("All post-conviction counsel have an obligation to conduct a full examination of the defense provided to the client at all prior phases of the case."). They provide no authority for this contention and admit that they received this information absent a HIPAA release. *See* Appendix 1 at 3. But HIPAA applies to disclosure of medical information by health care providers and related associates;[5] it does not apply in this instance and does not preclude disclosure.

## CONCLUSION

For these reasons, Mr. Ricks respectfully requests that this Court reconsider its Order Denying Motion to Produce Documents, ECF No. 10, and grant his Motion for Order Directing Trial Counsel to Turn Over Files and Records to Federal Habeas Counsel, ECF No. 7. Should this Court decline to reconsider its Order, undersigned counsel will pursue remedies in Texas state court to obtain a complete copy of trial counsel's files and records from Mr. Ricks's trial as necessary to ensure that he receives the legal assistance that he is entitled to under § 3599.

DATED: May 24, 2021                            Respectfully submitted,

                                                                                         JASON D. HAWKINS
                                                                                         Federal Public Defender

                                                                                         JEREMY SCHEPERS
                                                                                         Supervisor, Capital Habeas Unit

---

[5] *See* Summary of the HIPAA Privacy Rule, Department of Health and Human Services, *available at* https://www.hhs.gov/hipaa/for-professionals/privacy/laws-regulations/index.html.

*/s/ **Naomi Fenwick***
Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746 (phone)
214-767-2886 (fax)
naomi_fenwick@fd.org

*Counsel for Petitioner*

9

**CERTIFICATE OF CONFERENCE**

Naomi Fenwick, counsel for Mr. Ricks, has conferred with opposing counsel, Rachel Patton of the Texas Attorney General's Office, and Ms. Patton has indicated that the Director is opposed to the relief sought in this motion.

<u>*/s/ Naomi Fenwick*</u>
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion has been served by CM/ECF upon counsel for Respondent on May 24, 2021:

Rachel Patton
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711
rachel.patton@oag.texas.gov

<u>*/s/ Naomi Fenwick*</u>
Assistant Federal Public Defender