# Appendix 1

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 2101 MONEDA STREET
### HALTOM CITY, TEXAS  76117

(817)698-9090                                         FAX (817)698-9092

April 26, 2021

Hon. Reed O'Connor
United States District Judge
510 W. Tenth Street
Room 310
Fort Worth, TX  76102

Re: Ricks v. Lumpkin, No. 4:20-CV-1299-O

Dear Judge O'Connor,

    Please find enclosed our response to Federal Public Defender's Motion for Order Directing Trial Counsel to Turn Over Rules and Records to Federal Habeas Counsel. We were unable to file this item in Pacer as we are not a party to this suit.
    We are not in opposition to the Federal Public Defender's Motion, rather we would only ask for some clarification concerning the matters that are mentioned in the enclosed Response and attachments.
    Thank you.

Sincerely,

William H. "Bill" Ray

Stephen Gordon

cc:   Ms. Naomi Fenwick, Federal Public Defender's Office
       Ms. Rachael Patton, Texas Attorney General's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CEDRIC ALLEN RICKS,<br>   Petitioner,<br><br>VS.<br><br><br>BOBBY LUMPKIN, Director<br>Texas Dept. of Criminal<br><br>Justice, Correctional Institutions<br>Division,<br>   Respondent | )(<br>)(<br>)(<br>)(  CIVIL NO.<br>)(  4:20-CV-1299-O<br>)(<br>)(<br>)(<br>)(  THIS IS A DEATH<br>)(  PENALTY CASE<br>)(<br>)(<br>)( |

RESPONSE OF WILLIAM H. "BILL" RAY AND
STEPHEN GORDON, STATE TRIAL ATTORNEYS FOR
CEDRIC ALLEN RICKS, PETITIONER

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

COMES NOW, the undersigned counsel, William H. "Bill" Ray, and Stephen Gordon, hereinafter "trial counsel", and file this response to the Federal Public Defender for the Northern District of Texas' Motion for Order Directing Trial Counsel to Turn Over Rules and Records to Federal Habeas Counsel.

Trial counsel will provide all items in their file in response to the Court's order as it may direct. Trial counsel would show the Court after the federal public defender informed trial counsel of the desire to obtain the case file, trial counsel did inform the public defender that there were in fact some objections to providing the entire contents

of the case file. Those objections consisted of the state's file, personal information of witnesses and the trial team, and jury matters. These objections were not trial counsel's personal preferences, but were required by law, as follows.

Concerning jury matters, Art. 35.29, Texas Code of Criminal Procedure states as follows:

> Art. 35.29. PERSONAL INFORMATION ABOUT JURORS.
> (a) Except as provided by Subsections (b) and (c), information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel.
>
> (b) On application by a party in the trial, or on application by a bona fide member of the news media acting in such capacity, to the court for the disclosure of information described by Subsection (a), the court shall, on a showing of good cause, permit disclosure of the information sought.
>
> (c) The defense counsel may disclose information described by Subsection (a) to successor counsel representing the same defendant in a proceeding under Article **11.071** without application to the court or a showing of good cause.

In this case, there are juror questionaires, which contain names, addresses, religious information, political views, employment, and phone contacts. Additionally, each juror who had been death penalty qualified had their photograph taken. These photos were supposed to be private and used only for trial counsel to "put the face

---
Cedric Ricks, Trial Counsel Response to Federal Public Defender's Request for Case File Order, Page 2

with the name" in exercising peremptory strikes. While trial counsel may provide all juror information to *state habeas counsel* as per Ar5. 35.29 ( c), there is no mention of supplying this information to *federal habeas counsel.*

Trial Counsel Ray made several airplane reservations for co-counsel Gordon, other members of the trial team, and several witnesses who were brought to trial, mostly, if not all, on commercial air carriers. Co-counsel Gordon is the only person in the trial team that Trial Counsel Ray has a birth date for who is still alive. This necessitated the use of the birth date and in some cases, the frequent flyer information those persons in order to obtain airline tickets. Counsel paid for these costs and was reimbursed by the trial court.

There was some discussion that social security numbers were in trial counsel's possession for travel purposes, however, it does not appear to be the case.

Trial counsel is also in possession of medical records and has been provided a HIPPA release by Petitioner. However, one of the victims who survived, a child, who is not specified by name or sex in this response, and may still be a minor, had medical records that were provided. There is no HIPPA release signed by that person or that person's guardian/parent. That person's mother was a deceased victim in this case.

Concerning the DA's case file, Texas Ethic's Opinion # 657 specifically address this matter and provides the permissible items to be released to the petitioner.

---

That ethics opinion is attached as an exhibit, and trial counsel would specifically note that this opinion was requested by trial counsel Ray, as the letter from the Texas Ethic's Commission specifically provided this item to Ray. Additionally, there are approximately 50 DVD/CD's that were a part of the case file. The items provided by the State were returned to the State after trial, in order to comply with how counsel believed that Art. 39.14 Code of Criminal Procedure and Ethics Rule 657 applied, but also because the State has a better and more secure storage for these items. Counsel does have some of these discs in electronic format, but a few of them were lost.

Trial counsel asked the Federal Public Defender to provide a court order addressing these matters in several emails on April 15-16, 2021, but received no reply.

In summary and conclusion, trial counsel will provide any item that this Court so directs us to. Trial counsel would ask this Court for a specific order addressing identifying information of witnesses and the trial team, medical records of the surviving victim, as well as the entire case file generally, and direct federal habeas counsel to not disseminate any of the matters to any unauthorized person(s) at any time hereafter.

PRAYER

PREMISES CONSIDERED, Petitioner Prays that the Court issue appropriate orders in this case.

---

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
STATE BAR NO. 16608700
LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.

2101 MONEDA STREET
HALTOM CITY, TEXAS 76117
(817) 698-9090
(817) 698-9092, FAX
bill@billraylawyer.com

/S/ STEPHEN GORDON
STEPHEN GORDON
STATE BAR NUMBER 00785918

LAW OFFICE OF STEPHEN GORDON
2101 MONEDA STREET
HALTOM CITY, TEXAS 76117
(817) 877-0610
sgordon@stevegordonandassociates.com

## CERTIFICATE OF SERVICE

On the April 23, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

<u>s/ WILLIAM H. "BILL" RAY</u>
WILLIAM H. "BILL" RAY

# THE PROFESSIONAL ETHICS COMMITTEE
## FOR THE STATE BAR OF TEXAS

May 31, 2016

William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, Texas 76102

Re:   PEC No. 13-3

Dear Mr. Ray:

Enclosed please find Opinion 657 recently promulgated by the Professional Ethics Committee for the State Bar of Texas. This opinion will be published in the <u>Texas Bar Journal</u> as space permits.

If you have any questions or need further information, please do not hesitate to contact me at 1-877-953-5535, ext. 1344 or by email at shogue@texasbar.com.

Sincerely,

*[signature]*

Shelly Hogue
Legal Assistant Liaison to the
Professional Ethics Committee

Enclosure

THE PROFESSIONAL ETHICS COMMITTEE
FOR THE STATE BAR OF TEXAS
Opinion No. 657

May 2016

QUESTIONS PRESENTED

1. What documents and information must be delivered by a lawyer to a former client convicted of a criminal offense when requested by that former client?

2. Who bears the costs of delivering the documents and information to the former client?

3. In what form must the documents and information be delivered?

STATEMENT OF FACTS

A lawyer represented a former client in a criminal matter in which the client was convicted. All appeals in the matter have been exhausted. The former client requests the lawyer to furnish the entire contents of the lawyer's file regarding the matter. The lawyer is not claiming a lawyer's lien or a similar right over the file contents.

DISCUSSION

In general, the documents, papers and other information received from a client or received or generated in the course of representing the client (including the lawyer's notes and work product) are the property of the client and must be transferred to a former client on request unless the lawyer is permitted by law to retain those documents and can do so without prejudicing the interests of the client in the subject matter of the representation. Professional Ethics Committee Opinion 627 (April 2013). As Opinion 570 (May 2006) recognized, exceptions to the former client's right to some of the contents of a client's file may arise from the lawyer's duties to others or the client. The exceptions noted in Opinion 570 include:

> ". . . notes that contain information obtained in discovery subject to a court's protective order forbidding disclosure of the information to the client, notes where the disclosure would violate the lawyer's duty to another person, and notes containing information that could reasonably be expected to cause serious harm to a mentally ill client."

1

These exceptions would include documents or information that might reveal the identity of the lawyer's other clients or the nature of the other clients' representations, such as the results of internal conflict of interest checks and information about other clients contained in "forms" or pre-existing research memoranda placed in the former client's file during the representation.

A lawyer's duty to turn over file materials to a former client is also subject to exceptions created by Texas law. In particular, the lawyer's file in a criminal representation may contain documents and information produced by the state pursuant to Tex. Code Crim. Proc. art. 39.14(a). Article 39.14(f) prohibits defense counsel from providing a copy of such documents to the defendant (other than the defendant's own statement). Article 39.14(f) also prohibits defense counsel from disclosing to the defendant certain personal information regarding witnesses. Accordingly, a lawyer may not deliver to a former client documents provided to the lawyer pursuant to article 39.14(a) (other than the defendant's own statement). Further, if the lawyer's file materials (including notes) contain information that must be withheld from the defendant under article 39.14(f), the lawyer must redact that information before turning over the file to the former client.

Similarly, Tex. Code Crim. Proc. art. 35.29 prohibits the disclosure of personal information about jurors except as permitted by the court upon hearing. A lawyer responding to a former client's request for the client's file must therefore ensure that any such information is removed before turning over the file.

Subject to certain exceptions such as those discussed above, the client's file must be surrendered to the former client by making it available for the former client or a designated representative of the former client. Because the file belongs to the former client, if the lawyer desires to retain a copy of documents and information in the file, that expense must be borne by the lawyer in the absence of an agreement otherwise. The lawyer may tender the client's file to be picked up during ordinary business hours at the lawyer's office. In the absence of an agreement otherwise, the former client bears the expense of delivering or shipping the file to another location. See Opinion 627 (April 2013) (costs of complying with a client's request concerning closed client files beyond what is required by the principles of the Texas Disciplinary Rules of Professional Conduct are borne by the client).

In most cases, the client's file will consist of paper documents, electronically stored documents or information, or some combination of the two. The lawyer may generally provide such portions of the client's file to the former client in any format that is reasonably accessible to the ordinary client. The lawyer may provide the file as it is maintained, or convert (at the lawyer's expense) some or all of it to paper or to a reasonably accessible electronic format for delivery to the client. However, if some of the information in the file is maintained in a special format that is not reasonably accessible to the ordinary client, the lawyer must bear the cost of converting the information to a

2

reasonably accessible format or print the information in a format that can be read by the client. If the file contains material that has unique or significant value in the form originally acquired by the lawyer, such material should be returned to the client in its original form.

**CONCLUSION**

In general, the documents, papers and other information received from a client or received or generated in the course of representing the client, including work product and notes, are the property of the client. When a lawyer receives a request for those materials from a former client, the lawyer must make those materials available for delivery to the former client, except as prohibited by statute, court order or the lawyer's duties to third parties or the client, or unless the lawyer is permitted by law to retain those documents and can do so without prejudicing the interests of the client in the subject matter of the representation.

A lawyer must make the client's file available for transfer to the client or a designated representative at the lawyer's office. The lawyer may require the client to pay any delivery or shipping expenses associated with delivering the file to the former client at a location other than the lawyer's office. If the lawyer deems it necessary to retain a copy of the file, that expense will be borne by the lawyer in the absence of an agreement otherwise.

The lawyer may provide the client's file in the form in which it is maintained, or convert some or all of it to paper or to a reasonably accessible electronic format for delivery to the client. However, if some of the information in the file is maintained in a special format that is not reasonably accessible to the ordinary client, the lawyer must bear the cost of converting the information to a reasonably accessible format, or print the information in a format that can be read by the client. If the client's file contains material that has unique or significant value in the form originally acquired by the lawyer, such material should be returned to the client in its original form.

3

**bill@billraylawyer.com**

| | |
|---|---|
| From: | bill@billraylawyer.com |
| Sent: | Thursday, April 15, 2021 4:18 PM |
| To: | Katy Hutchinson |
| Cc: | sgordon@stevegordonandassociates.com |
| Subject: | RE: Cedric Ricks |

Ok. Steve Gordon and I are working on it. I was going to give him a thumb drive with my stuff, and then he can add his notes. I am giving you all my file except jury selection and travel matters of anyone I purchased travel for (I bought airfare for several persons and had to provide their dates of birth to get those items; I don't mind giving their names and contact information). If you get a court order, please get the judge to specifically provide those matters if you want them. If the judge specifically directs me to provide items concerning the jury ("all jury information" is sufficient) I will provide that without objection. If you are asking for names of the persons and contact information for them, I will also be giving you that. What I don't want to provide is the identification information of the witnesses and trial team, which is their birth date and frequent flier information, and social security numbers (probably don't have those anyway). I will file an objection to that information, so please give me the style and cause number of your case if you want anyone's date of birth, SSN, and frequent flier information.
My file is entirely electronic.
I hope I can have this to you in the next 10 business days.
Bill Ray

**From:** Katy Hutchinson <Katy_Hutchinson@fd.org>
**Sent:** Thursday, April 15, 2021 3:59 PM
**To:** bill@billraylawyer.com
**Subject:** Cedric Ricks

Hi Bill,

We wanted to let you know that per our conversation, we're moving to obtain your full file and I wanted to give you a heads up. I also wanted to check on the status of the other documents for which you didn't think we needed a court order. As a reminder, I'm happy to pick up any physical files or do anything else to help facilitate the process.

Thanks,
Katy


_____
Katy Hutchinson
Research and Writing Attorney
Capital Habeas Unit
Federal Public Defender
Northern District of Texas
525 S. Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886 (fax)

1

**bill@billraylawyer.com**

| | |
|---|---|
| From: | bill@billraylawyer.com |
| Sent: | Thursday, April 15, 2021 5:02 PM |
| To: | Katy Hutchinson |
| Cc: | sgordon@stevegordonandassociates.com |
| Subject: | RE: Cedric Ricks |

FYI, I was looking thru the travel for the trial team and witnesses.  I don't see where I have anyone's birthday or SSN.  Everything else you were getting anyway.   Im still looking in case you still want it, and will let you know if it turns up.
Thank you.
Bill Ray

**From:** Katy Hutchinson <Katy_Hutchinson@fd.org>
**Sent:** Thursday, April 15, 2021 3:59 PM
**To:** bill@billraylawyer.com
**Subject:** Cedric Ricks

Hi Bill,

We wanted to let you know that per our conversation, we're moving to obtain your full file and I wanted to give you a heads up. I also wanted to check on the status of the other documents for which you didn't think we needed a court order. As a reminder, I'm happy to pick up any physical files or do anything else to help facilitate the process.

Thanks,
Katy


_____
Katy Hutchinson
Research and Writing Attorney
Capital Habeas Unit
Federal Public Defender
Northern District of Texas
525 S. Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886 (fax)

1

**bill@billraylawyer.com**

| | |
|---|---|
| **From:** | bill@billraylawyer.com |
| **Sent:** | Thursday, April 15, 2021 5:29 PM |
| **To:** | katy_hutchinson@fd.org |
| **Cc:** | sgordon@stevegordonandassociates.com |
| **Subject:** | ricks witness and trial team birthdates |

Disregard previous email.  I do have birth dates, but cannot find where I ever had ssn numbers.   The birthdays are for witnesses and also for my trial team.  Please have the court designate birthdates for witnesses and/or trial team to be provided.  I will have an objection to releasing the trial teams' DOB's because they were only for travel, and I don't see the relevance of you having them.  There are only three trial team members.  As for witnesses, I recognize you should be able to have their DOBs so if the order specifies that you are to not release them further and be responsible for their privacy , I can give those as well.
In summary, if you provide an order for my trial file (meaning DA file), jury matters, and witnesses identifying information, I will comply with that order.  I object to releasing the trial teams birthdays, as they were used for travel purposes only.

I will provide all my notes and work product, all travel information and expenses, witness information, mitigation, experts, and everything else that I have without a court order.


Thank you.
William H. "Bill"  Ray
Texas Bar Number 16608700
Law Office of William H. "Bill" Ray, P.C.
2101 Moneda Street
Haltom City, Texas 76117
817-698-9090     Office
817-698-9092     Fax
817-927-7456     Cell
Client contact email     info@billraylawyer.com

**bill@billraylawyer.com**

| | |
|---|---|
| **From:** | bill@billraylawyer.com |
| **Sent:** | Friday, April 16, 2021 10:16 AM |
| **To:** | 'katy_hutchinson@fd.org' |
| **Subject:** | Ricks file |

One last thing I forgot about.  There are medical records from the victims.  Cedric cannot release them as they are not his records.  Hippa issue.
Can you get your order to require us to release all medical records, regardless of who they are from.  Don't think you will be able to get a release from the victim's family.
Thank you.

William H. "Bill" Ray
Texas State Bar # 16608700
2101 Moneda Street

Haltom City, Texas 76117
(817) 698-9090 Office
(817) 698-9092 Fax
(817) 927-7456 Cell
Client email – info@billraylawyer.com

1

RECEIVED
CAPITAL HABEAS UNIT
APR 30 2021
Federal Public Defender

Law Office of William H. "Bill" Ray, P.C.
2101 Moneda Street
Haltom City, Texas 76117

**Ms. Naomi Fenwick**
Federal Public Defender
525 S. Griffin Street, Ste. 629
Dallas, Texas 75202

RECEIVED
APR 28 2021
FEDERAL PUBLIC DEFENDER
NORTHERN DISTRICT OF TEXAS
DALLAS, TX