IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRIC ALLEN RICKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 4:20-CV-1299-O |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### ORDER DENYING MOTION FOR RECONSIDERATIIBN OF DENIAL OF MOTION TO PRODUCE DOCUMENTS

The matter before the court is Ricks' motion filed May 24, 2021 (ECF Nos. 11 & 12), requesting that the court reconsider its denial of his prior motion requesting an order directing his former state counsel to transmit certain documents to Rick's current federal habeas counsel. After considering the motion, this court denies all relief requested.

Simply put, disputes between a Texas criminal defendant and his or her state trial counsel over custody of an attorney's or client's file are not properly the province of a federal habeas court. In Texas, disputes over the right to possession or custody of a client's file are most commonly resolved through the State Bar of Texas grievance process.  This is, in part, because such controversies are matters of purely state law.   Ricks identifies no legal authority giving this court subject matter jurisdiction over his dispute with a pair of attorneys who are not parties to this legal action and have never appeared as counsel of record in this court in this cause.   Likewise, there is no allegation currently before this court establishing that either he or his former state trial counsel have ever acted under color of state law.

While Ricks argues that his former state trial counsel somehow consented to the jurisdiction over this otherwise private dispute by allegedly writing a letter to this court (which

letter has not been filed in this action except as an attachment to Ricks' motion), Ricks' federal habeas counsel conflates the concepts of subject matter and *in personam* jurisdiction. The validity of an order of a federal court depends upon that court having jurisdiction over *both* the subject matter of the action pending before it and personal jurisdiction over the parties before it. *Ins. Co. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "Federal courts are courts of limited jurisdiction." *Id.* Jurisdiction of the lower federal courts is limited by both (1) the character of the controversy over which the federal courts may exercise federal judicial authority, as delineated by Art. III § 2 cl. 1, as well as (2) those subjects encompassed within a statutory grant of jurisdiction. *Id.* This is the essence of *subject matter* jurisdiction.

In contrast, the requirement that a court have *personal* jurisdiction over the parties before it flows not from Article III, but from the Due Process Clause. *Id.* The personal jurisdiction requirement recognizes and protects an individual liberty interest. *Id.* Because it flows from concepts of individual liberty, personal jurisdiction, like other individual rights, may be waived. *Id.*, 456 U.S. at 703. Parties may waive complaints over personal jurisdiction in a variety of ways, e.g., contractual provisions agreeing to the jurisdiction of a particular tribunal over disputes arising under the contract, stipulations made on the record in open court, agreements to arbitrate, and in some cases the voluntary use of certain state procedures. *Id.*, 456 U.S. at 703-04.

Unlike the issue of personal jurisdiction, a lack of federal *subject matter* jurisdiction cannot be waived or overcome by agreement of the parties. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Therein lies the rub for Ricks. None of the legal authorities he has cited to this court establish *subject matter* jurisdiction over his current dispute with his former state trial counsel. This is not a discovery dispute between parties to ongoing federal litigation.

Ricks cites a prior decision of this court (*Busby*) which referenced the All Writs Act, found at 28 U.S.C. § 1651. The statute, however, merely authorizes the Supreme Court and other federal courts established by Congress to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It does not purport to grant any federal court the authority to issue orders absent the subject matter jurisdiction to do so.

Ricks next cites to this court's reliance in *Busby* on the Fifth Circuit's opinion in *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982), a federal habeas corpus proceeding held long before the advent of the AEDPA, in which a federal habeas petitioner subpoenaed his former state trial counsel to testify at a federal evidentiary hearing. The former state trial counsel appeared and testified, making numerous references during his testimony to his case file, to which he also referred on numerous occasions to refresh his memory. The Fifth Circuit held that *Spivey* was entitled to inspect the case file and to employ it during cross-examination and his former attorney's assertion of the work-product doctrine did not justify the district court's refusal to grant Spivey's federal habeas counsel access to the case file during the evidentiary hearing. *Id.* at 885. Unlike the state trial counsel subpoenaed in *Spivey*, Ricks' former state trial counsel are not currently before this court as witnesses in a federal evidentiary hearing.

Ricks also alludes to this court's reference in *Busby* to the Supreme Court's decision in *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977), a case in which a federal district court, after finding probable cause existed for the FBI to place pen registers on two telephone lines, ordered a telephone company to furnish technical assistance to the FBI. Contrary to that situation, Ricks does not allege that his current federal habeas counsel are undertaking a criminal investigation into suspected gambling or racketeering or that probable cause exists to believe that

evidence of on-going criminal activity in violation of federal law might be revealed by disclosure of his former state trial counsel's case file.

This court's independent examination of the bases for *subject matter* jurisdiction asserted by Ricks in support of his motion requesting an Order directing his former state trial counsel to turn over Ricks' case file to Ricks' current federal habeas counsel leads to the conclusion there is no legitimate legal basis at this juncture in this proceeding under which this court can assume jurisdiction over the subject matter of this private, state law, dispute.

Accordingly, all relief requested by Ricks in his motion for reconsideration of the denial of his first motion for production of documents, filed May 24, 2021 (ECF no. 11), is DENIED.

SIGNED May 25, 2021.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**