IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRIC ALLEN RICKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 4:20-CV-1299-O |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER GRANTING UNOPPOSED MOTION TO AMEND SCHEDULING ORDER

The matter before the court is Ricks' unopposed motion filed October 20, 2021 (ECF No. 15), requesting that this court issue an amended scheduling order authorizing Ricks to file an amended petition within 120 days of the date Ricks files his original federal habeas corpus petition. The parties have apparently reached agreement in the proposed new scheduling order. After considering the unopposed motion, this court will grant the requested relief and issue a new scheduling order consistent with the previous scheduling order.

Accordingly, it is hereby ORDERED that:

1. Petitioner's unopposed motion for a new scheduling order, filed October 20, 2021 (ECF No. 15), is GRANTED as set forth below.

2. On or before November 17, 2021, Ricks shall file, and serve on the Criminal Appeals Division of the Office of the Texas Attorney General (Attn: Rachel Leigh Patton), his original federal habeas corpus petition in this cause. Ricks' petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that he wishes this Court to consider in connection with his capital murder conviction

and sentence of death. Respondent is not obligated to file an answer or other response to Ricks' original petition.

3. On or before March 17, 2022, Ricks shall file, and serve on the Criminal Appeals Division of the Office of the Texas Attorney General (Attn: Rachel Leigh Patton), his amended federal habeas corpus petition in this cause. Ricks' amended petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that he wishes this Court to consider in connection with his capital murder conviction and sentence of death.

4. Respondent shall file his answer or other responsive pleading to Ricks' amended federal habeas corpus on or before ninety days after receipt of a copy of Ricks' amended federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the *Federal Rules of Civil Procedure*. Respondent shall serve Ricks' counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the *Federal Rules of Civil Procedure*.

5. <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly respond to the issue of whether Ricks has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Ricks' amended federal habeas corpus petition. If Respondent denies that Ricks has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Ricks' amended petition, Respondent shall explain, in detail, those state remedies still available to Ricks with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Ricks has procedurally defaulted on

any ground for relief contained in Ricks' amended federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of the Ricks' grounds for relief Respondent contends are procedurally defaulted from consideration by this Court.  The Court would appreciate receiving briefing on the merits of any allegedly procedurally defaulted claims.

      6.  <u>Abuse of the Writ</u>.   In the event Respondent wishes to assert the defense that Ricks has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Ricks' grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Ricks' part, have been included in an earlier federal habeas corpus petition filed by Ricks.

      7.  <u>Second or Successive Petition</u>.   In the event Respondent wishes to assert the defense that this is a second or successive federal habeas corpus petition filed by Ricks attacking the same state criminal judgment and that the Ricks has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

      8.  <u>Limitations</u>.   In the event that Respondent wishes to assert the defense that the Ricks has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Ricks' federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

      9.  <u>State Court Records</u>.   On or before thirty days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Ricks' state trial, direct

appeal, and state habeas corpus proceedings. In the event that Ricks asserts a claim or claims for relief premised upon alleged violations of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall include copies of all juror questionnaires answered by any and all members of the jury venire from which Ricks' petit jury was selected. Juror questionnaires may be submitted under seal.

10. Petitioner's Reply. On or before thirty days after the date Respondent serves Ricks' counsel of record with a copy of Respondent's answer or other responsive pleading, Ricks shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

11. Extensions. Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

12.   All other stipulations and agreements contained in Petitioner's unopposed motion for a new scheduling order, filed October 20, 2021 (ECF no. 15), are adopted and approved by the court.

SIGNED October 29, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE