IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEDRIC ALLEN RICKS,**<br>    Petitioner,<br><br>   v.<br><br>**BOBBY LUMPKIN, Director,**<br>Texas Department of<br>Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Case No. 4:20-CV-1299-O<br><br>U.S. District Judge Reed C. O'Connor |

**REPLY IN SUPPORT OF OPPOSED MOTION TO FOR STAY AND ABEYANCE OF FEDERAL HABEAS PROCEEDINGS**

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

**THIS IS A CAPITAL CASE**

**INTRODUCTION**

Petitioner Cedric Allen Ricks, by and through his undersigned counsel, and pursuant to the procedure adopted in *Rhines v. Weber*, 544 U.S. 269 (2005), filed a motion asking this Court to stay and hold in abeyance his federal habeas proceedings to permit him to present his unexhausted claims to the state court. ECF No. 38. Opposing this motion, the Director generally claims that Mr. Ricks's *Batson* claim lacks merit and that Mr. Ricks was dilatory in asking this Court to stay and abey his federal proceedings. The Director is wrong on both fronts. For the following reasons and for the reasons set forth in Mr. Ricks's *Rhines* motion, this Court should stay Mr. Ricks's federal habeas proceeding and allow Mr. Ricks to present his unexhausted claims in state court.

**ARGUMENT**

Although the Director agrees with Mr. Ricks as to the basic elements of *Rhines*, *see* ECF No. 44 at 2 ("Dir. Resp."), the Director misapplies Mr. Ricks's required showing under these elements and the legal standards applicable to each element. First, contrary to the Director's assertion, Mr. Ricks can demonstrate good cause based on the State's withholding of the prosecution's *voir dire* notes underpinning Mr. Rick's *Batson* claim. *See* Dir. Resp. at 3–9. Second, the Director's assertion that the *Rhines* motion should be denied because Mr. Ricks's *Batson* claim would be procedurally defaulted and is meritless likewise overstates Mr. Ricks's burden at this stage. *See* Dir. Resp. at 9–16. Mr. Ricks must merely show that his claim has potential merit, both procedurally and substantively, which he has done. Further, the Director's reliance on procedural default actually supports Mr. Ricks's *Rhines* motion: this question of whether the claim is viable in state court should be resolved in the first instance by that court. *See, e.g.*, *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) ("Under AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law."). Finally, the Director's claim that Mr. Ricks filed a

1

*Rhines* motion for purposes of delay lacks merit—particularly in light of the fact that Mr. Ricks filed the motion pursuant to a scheduling order applicable to all parties in this case and in the early stages of district court proceedings. *See* Dir. Resp. at 16–18. For the following reasons, this Court should permit the state court to consider Mr. Ricks's unexhausted claim in this first instance and stay and abey Mr. Ricks's federal habeas proceedings to allow it to do so.

I.   **Good cause exists for Mr. Ricks's failure to exhaust his *Batson* claim.**

In opposing Mr. Ricks's *Rhines* motion, the Director erroneously claims that good cause does not exist because Mr. Ricks was not entitled to the prosecution's notes annotating veniremembers' races. *See* Dir. Resp. at 7. The good cause standard contained in *Rhines*, however, is "equitable" such that the burden to demonstrate cause is substantially lower than the cause standard a petitioner must overcome to demonstrate procedural default. *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007).

Here, Mr. Ricks has shown that *both* trial counsel and state habeas counsel attempted to obtain the State's jury selection notes by requesting them directly or seeking access to the State's file. *See* ECF No. 38 at 3. The State's repeated thwarting of these attempts and refusal to turn the documents over when requested establishes cause because it constitutes an external impediment to accessing those jury notes. *See id.* at 2 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For this reason, the Director's reliance on *Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012), is misplaced. *See* Dir. Resp. at 8. There, the Fifth Circuit declined to stay the federal proceedings because the only cause the petitioner pointed to was the lackluster performance of his state habeas counsel. *See id.* at 284. Here, however, the cause asserted by Mr. Ricks in his *Rhines* motion is the State's failure to turn over the notes despite repeated requests from counsel. This constitutes a factor external to the defense and thereby establishes cause for failing to present this claim to the

state court. *See* ECF No. 38 at 2–4.

The Director's reliance on *Broadnax v. Lumpkin*, 987 F.3d 400 (5th Cir. 2021), is likewise misplaced because *Broadnax* is inapposite to the issues in this case. *See* Dir. Resp. at 6. At the outset, neither the district court nor the Fifth Circuit considered Broadnax's *Batson* claim in the context of a *Rhines* motion; it was undisputed that Broadnax had exhausted his *Batson* claim in state court. *See id.* at 407. Rather, the Fifth Circuit confronted only the narrow question of whether under *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), the district court could have considered a spreadsheet annotating the race of certain veniremembers where the state courts had never been presented with that evidence. *Id.* at 407–08. Because that claim had been exhausted, however, the issue of whether good cause existed to stay and abey Broadnax's federal proceedings simply never came up.

Here, Mr. Ricks actually seeks to adhere to the Supreme Court's admonishment in *Pinholster* that the purpose of AEDPA is to "channel prisoners' claims first to the state court" to allow states the first opportunity to consider those claims. *Pinholster*, 563 U.S. at 182. In other words, the issue presented here is the opposite of *Pinholster*: Mr. Ricks does not seek to have this Court consider evidence in support of his *Batson* claim that was not presented to the state court, but rather seeks to *allow* the state court to consider this claim and the evidence supporting it in the first instance. *See, e.g.*, *Rhines*, 544 U.S. at 278 (noting that "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions").[1] State court remains the proper venue to resolve these claims.

In sum, there is good cause for Mr. Ricks's failure to present his *Batson* claim to state court.

---

[1] In addition, the Director's argument that the State was not required to turn the notes over because they were not *Brady* material likewise misses the mark. *See* Dir. Resp. at 6 (citing *Broadnax*, 987 F.3d at 407). The question here now is not whether the State should have turned over the materials, but whether Mr. Ricks has cause for not presenting the claim sooner.

3

## II.     Mr. Ricks's *Batson* claim is not plainly meritless.

Opposing Mr. Ricks's *Rhines* motion, the Director argues that Mr. Ricks's *Batson* claim would be procedurally defaulted if presented in state court as a second or successive writ under Tex. Code Crim. Proc. art. 11.071, § 5, but even if it were not, the claim is substantively meritless. *See* Dir. Resp. at 9–16. The Director is incorrect on both points.

Mr. Ricks of course does not dispute that if this Court were to grant a *Rhines* stay, he would proceed to state court under the procedures set forth in Tex. Code Crim. Proc. art. 11.071, § 5 to allow the Texas Court of Criminal Appeals to determine whether his subsequent application fell under an exception to the abuse-of-the-writ doctrine. The relevant state law question will be whether Mr. Ricks's previously exercised "reasonable diligence" in pursuing the factual basis for this claim prior to filing his previous state habeas application. *Id.* § 5(e). Because both trial and state habeas counsel made efforts to uncover the relevant facts, ECF No. 38 at 3, 7, Mr. Ricks's procedural argument is not plainly meritless and the state court should have the first opportunity to interpret its own laws.

Recognizing that principles of comity and federalism support Mr. Ricks's view, courts in similar circumstances have granted *Rhines* motions to allow state courts to interpret their own procedural rules in the first instance when how they will be applied is unclear. *See, e.g.*, *Prystash v. Quarterman*, No. CIVA H-05-1546, 2006 WL 2479094, at *2 (S.D. Tex. Aug. 25, 2006) ("The Texas Courts should consider in the first instance whether Prystash's unexhausted claims . . . comply with Tex. Code Crim. Proc. art. 11.071, § 5." (citing *Wilder v. Cockrell*, 247 F.3d 255, 262–63 (5th Cir. 2001) (noting in pre-*Rhines* case that "because it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination"))). That court further noted that although "[i]t may be that Texas

will apply its procedural bar to Prystash's claims . . . 'the State should be allowed to make the procedural bar, *vel non*, determination.'" *Id.* at \*2 (quoting *Wilder*, 247 F.3d at 262); *see also Medrano v. Davis*, No. 7:17-cv-0069, 2020 WL 1237735, at \*6 (S.D. Tex. Jan. 15, 2020) (allowing Texas courts to determine Section 5 compliance in the first instance where result was unclear under state law), *rec. adopted by* Order, ECF No. 45 (Mar. 13, 2020); Order, *Carpenter v. Stephens*, No. 3:02-cv-1145-B (N.D. Tex. Mar. 6, 2014), ECF No. 138 (staying and abeying federal habeas proceedings to allow petitioner to present unexhausted claims to state court and observing "[i]t is not the task of this Court to resolve questions of state law, such as the state court's judicial interpretation of the meaning and import of state statutory terms, particularly when state court opinions signal unresolved questions" (citing *Engle v. Isaac*, 456 U.S. 107, 110, 119 (1982); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)). Thus, the very principles of comity and federalism on which the Director relies actually supports allowing the state courts to interpret their own procedural rules.

Moreover, staying and abeying this action to allow the state courts to evaluate the merits of this is appropriate where, as here, Mr. Ricks has raised a non-frivolous *Batson* claim. A claim is non-frivolous, or potentially meritorious, under *Rhines* "unless it is perfectly clear that the petitioner has no hope of prevailing or his claims are legally impossible or lack any factual support." *Medrano*, 2020 WL 1237735, at \*5 (internal citations and quotations omitted). Although the Director claims that Mr. Ricks's *Batson* claim should be denied because, *inter alia*, Mr. Ricks cannot rebut the State's race-neutral reasons, that assertion conflates the difference in burdens in obtaining full merits relief in federal court versus demonstrating *enough* merit to stay proceedings to present a claim to the state court in the first instance. *See Brewer v. Davis*, No. 2:15-cv-50-D, 2018 WL 4608260, at \*4 (N.D. Tex. Aug. 7, 2018) ("It would make little sense to require a habeas

5

petitioner to plead and prove what would be necessary for him to obtain relief in federal court so that he may obtain a stay of proceedings to develop and present those claims to state court."), *rec. adopted by* No. 2:15-cv-50-D-BR, 2018 WL 4585357 (N.D. Tex. Sept. 25, 2018).

This is especially true here, where the state court has never had a chance to consider the new evidence on which Mr. Ricks relies in an area of law in which the Texas Court of Criminal Appeals has expressed an interest in full factual development to resolve such claims. *See Brewer v. Davis*, 2018 WL 4585357, at *3 (N.D. Tex. 2018) (noting presence of "significant new evidence" that was obtained after the state court denied relief and observing that "[h]ad this evidence been presented to the state court, it may well have led to a different outcome"); *see generally Ex parte Robertson*, WR-30,077-01, 603 S.W.3d 427, 428 (Mem) (Tex. Crim. App. July 1, 2020) (remanding cause to trial court for development of *Batson* claim). Finally, the bulk of the Director's remaining arguments focus on whether Mr. Ricks can ultimately obtain full habeas relief on his *Batson* claim, not whether or not his *Batson* claim has some potential merit such that staying and abeying his federal proceedings is appropriate. But again, and for the reasons described above, that is not the standard set forth by the Supreme Court and the Fifth Circuit.

In short, this Court should allow the Texas Court of Criminal Appeals to interpret its own state procedural laws in the first instance because Mr. Ricks has demonstrated that his *Batson* claim is not plainly meritless.

**III. Mr. Ricks did not file the *Rhines* motion for purposes of delay.**

Finally, the Director claims that the timing of Mr. Ricks's *Rhines* motion demonstrates that he filed this motion for purposes of delay. *See* Dir. Resp. at 16–18. The basis of this argument appears to be the Director's notion that because Mr. Ricks may have known that the claim was unexhausted when he filed his initial petition, he should have filed the *Rhines* motion then. This

idea is not only at odds with the scheduling order in this case, but also basic principles of federal habeas proceedings. Nearly a year before Mr. Ricks filed his Initial Petition, this Court issued a scheduling order specifically requiring the Director "to respond to the issue of whether Ricks has exhausted available state remedies with regard to each of the grounds" of federal review in the Initial Petition. Order at 3, ECF No. 4. This Order further required the Director to "explain, in detail, those state remedies still available to Ricks with regard to each such unexhausted claim." *Id.* Furthermore, as the Order indicates, the basis for such an order lies in the *Rules Governing Section 2254 Cases in the United States District Courts*. In particular, Habeas Rule 5 requires that the Director's Answer—which was filed more than a month *after* the Director's Response to Mr. Ricks's *Rhines* motion—"must state whether any claim in the petition is barred by a failure to exhaust state remedies." Habeas Rule 5(b). Moreover, it was the Director—not Mr. Ricks—who asked this Court's permission to delay in responding to the *Rhines* motion. Mr. Ricks did not delay, but instead filed the *Rhines* motion several months before the Director filed his Answer. *See* Mot. to Amend Scheduling Order, ECF No. 40 (Aug. 1, 2022); Answer, ECF No. 47 (Dec. 1, 2022). The timing of Mr. Ricks's motion was not for the purpose of intentional delay.

The cases on which the Director relies warrant no different conclusion. *See* Dir. Resp. at 17–18. Indeed, in all three cases cited here, the petitioner had not filed his *Rhines* motion until months after *both* parties had briefed and submitted these issues to the federal district court. *See Brown v. Director*, No. 3:19-cv-2301, 2022 WL 509352, at *5 (N.D. Tex. Jan. 28, 2022), *rec. adopted by* 2022 WL 504170, at *1 (N.D. Tex. Feb. 18, 2022) (noting that Brown waited almost one year to file his *Rhines* motion after filing his initial petition and that by that time the Director had already filed his Answer); *Williams v. Stephens*, No. H-13-0102, 2013 WL 6200204, at *7 (S.D. Tex. Nov. 26, 2013) (noting that *Rhines* motion was filed after "both parties had extensively

7

briefed the other legal and factual issues"); *Thompson v. Quarterman*, 629 F. Supp. 2d 665, 693 (S.D. Tex. 2007) (noting same). Thus, the cases cited by the Director actually support Mr. Ricks's position, not the Director's.

As the foregoing demonstrates, the Director's arguments concerning delay are contradicted by prior orders in this case, the rules governing federal habeas proceedings, and the very cases on which the Director relies. Mr. Ricks has demonstrated that the filing of his *Rhines* motion was not for purposes of delay.

## CONCLUSION

For the foregoing reasons and for the reasons discussed in Mr. Ricks's *Rhines* motion, Mr. Ricks respectfully requests that this Court enter an order staying his federal habeas corpus proceedings and holding them in abeyance to allow him to file a subsequent state habeas application. Should this Court grant Mr. Ricks's *Rhines* motion, undersigned counsel will file a successive petition for writ of habeas corpus in state court. Mr. Ricks further requests a hearing on this motion.

Respectfully submitted,

DATE: December 16, 2022

JASON D. HAWKINS
Federal Public Defender

**/s/ *Naomi Fenwick***
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas


525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Opposed Motion for Stay and Abeyance of Federal Habeas Proceedings has been served by CM/ECF upon counsel for Respondent on December 16, 2022:

Georgette Hogarth
Habeas Corpus Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

                                   */s/ Naomi Fenwick*
                                   Assistant Federal Public Defender