IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEDRIC ALLEN RICKS,**<br>    Petitioner,<br><br>    v.<br><br>**BOBBY LUMPKIN, Director,**<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Case No. 4:20-CV-1299-O<br><br>U.S. District Judge Reed C. O'Connor |

**RESPONSE IN OPPOSITION TO DR. ANTOINETTE MCGARRAHAN'S MOTION
FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE**

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

**THIS IS A CAPITAL CASE**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

    I.    Leave should be denied because Dr. McGarrahan offers three different versions of which party, if any, her amicus brief is intended to support. ......................................... 1

    II.    Dr. McGarrahan's submission is not a proper amicus filing. ...................................... 2

    III.    Additional information is relevant to the proposed amicus filing. ............................... 7

    IV.    Conclusion ................................................................................................................... 8

CERTIFICATE OF SERVICE .................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buck v. Davis*,
　137 S. Ct. 759 (2017) ............................................................................................................. 4

*Club v. Fed. Emergency Mgmt. Agency*,
　No. H-07-0608, 2007 WL 3472851 (S.D. Tex. Nov. 14, 2007) ............................................. 2

*Cullen v. Pinholster*,
　563 U.S. 170 (2011) ............................................................................................................... 6

*Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*,
　No. 1:21-cv-01129-RP, 2023 WL 379277 (W.D. Tex. Jan. 20, 2023) ........................... 2, 5, 6

*In re Halo Wireless, Inc.*,
　684 F.3d 581 (5th Cir. 2012) .............................................................................................. 2, 6

*Leigh v. Engle*,
　535 F. Supp. 418 (N.D. Ill. 1982) .......................................................................................... 6

*United States ex rel. Long v. GSD & M Idea City LLC*,
　No. 3:11-cv-1154-O, 2014 WL 11321670 (N.D. Tex. Aug. 8, 2014) .................................... 2

*Nelson v. Davis*,
　952 F.3d 651 (5th Cir. 2020) ................................................................................................. 4

*Ex parte Ricks*,
　No. WR-85,278-01, 2020 WL 6777958 (Tex. Crim. App. Nov. 18, 2020) ........................... 7

*Strasser v. Doorley*,
　432 F.2d 567 (1st Cir. 1970) .................................................................................................. 2

*Wilson v. Sellers*,
　138 S. Ct. 1188 (2018) ........................................................................................................... 8

**Statutes**

28 U.S.C. § 2254 ......................................................................................................................... 6, 8

Tex. Code Crim. Proc. art. 37.071 ................................................................................................. 5

**Constitutional Provisions**

U.S. Const. amend. VI ............................................................................................................... 1, 7

Mr. Ricks opposes Dr. Antoinette McGarrahan's Motion for Leave to File a Brief as Amicus Curiae and respectfully requests that this Court deny the motion. *See* ECF No. 64. Dr. McGarrahan seeks leave to file as amicus in connection with Mr. Ricks's claim that his Sixth Amendment right to counsel was violated by trial counsel's ineffectiveness at the penalty phase. ECF No. 35 at 43–97. This claim is based in part on counsel's retention of Dr. McGarrahan, who had previously testified that "the minority status" of a Black defendant, Steven Nelson, was a risk factor for his future dangerousness. *Id.* at 54, 61. To justify her request, Dr. McGarrahan reinvents her testimony at Mr. Nelson's trial by taking it out of context and claiming that she meant something other than what is plainly reflected in the transcript. But Dr. McGarrahan should not be permitted to thus subvert the role of amicus curiae to conjure up a fact issue that has never been raised by any party to these proceedings, nor even exists on the face of the record. Should this Court grant Dr. McGarrahan's Motion, Mr. Ricks respectfully requests that he be permitted to respond to Dr. McGarrahan's allegations and develop the relevant factual record.

**I.  Leave should be denied because Dr. McGarrahan offers three different versions of which party, if any, her amicus brief is intended to support.**

This Court should deny leave to file because Dr. McGarrahan makes three different claims as to which party she is attempting to support with her amicus submission. In the title to her Motion for Leave, she asserts that her brief is "Supporting the Respondent." ECF No. 64 at 1. Then in the first sentence of that Motion, she claims that her brief is "not supporting either side." *Id.* The amicus brief itself claims that it is filed "in support of the State of Texas," which is not a party to this federal habeas proceeding. ECF No. 65 at 1. This Court and the parties should not be forced to guess at Dr. McGarrahan's true intent as to which party, if any, she supports in this proceeding. While one can assume she intends to support the Respondent based on the adversarial position she

1

takes to Mr. Ricks, the actual answer has relevance regarding whether leave should be granted, *see infra*, and Dr. McGarrahan should provide a clear and consistent answer to this question.

    II.    **Dr. McGarrahan's submission is not a proper amicus filing.**

This court has broad discretion regarding whether to permit an amicus filing. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 595–96 (5th Cir. 2012); *United States ex rel. Long v. GSD & M Idea City LLC*, No. 3:11-cv-1154-O, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014). Courts within the Fifth Circuit have looked at a wide range of considerations when determining whether to permit amicus filings in district court. These considerations include if the amicus is: (1) arguing factual questions; (2) providing information that is timely and useful; (3) acting as an advocate for one of the parties; and (4) supporting a poorly represented party. *See Halo Wireless, Inc.*, 684 F.3d at 596 (citation omitted); *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, No. 1:21-cv-01129-RP, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023); *Club v. Fed. Emergency Mgmt. Agency*, No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007). Here, leave should be denied because the proposed amicus fails to meet these benchmarks. Instead, Dr. McGarrahan purports to create a fact issue that has never been raised by either party to these proceedings, and where none exists on the face of the record.

First, Dr. McGarrahan seeks to put the meaning of her unambiguous testimony at issue—which is plainly a question of fact. But "[a]n amicus who argues facts should rarely be welcomed" and her Motion should be denied. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *accord Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1. At Mr. Nelson's trial, Dr. McGarrahan was asked "what is it that steers people towards committing crimes" and "what makes them go commit crime." ECF No. 66 at 18–19. Dr. McGarrahan stated that "there are individual

differences from the individual who has ADHD[1] and goes on to commit violent offenses and those who don't." *Id.* at 19. She then identified various "risk factors" specific to Mr. Nelson, including "the minority status" of Mr. Nelson, and concluded that "when you look at the risk factors that he had, I mean, it was a storm waiting to happen" in reference to committing "violent offenses." *Id.* at 19. The transcript plainly reflects this:

```
22      Q.   What is it -- and there may not be an answer to
23   this, what is it that steers people towards committing crimes
24   as opposed to yelling at the teacher, which is -- maybe is a
25   crime initially, but what is it in a person's psyche if they
```

KIM CHERRY, OFFICIAL COURT REPORTER

APPENDIX 018

Case 4:20-cv-01299-O   Document 66   Filed 05/03/23   Page 19 of 45   PageID 15129

253

```
 1   start developing these problems, what makes them go commit
 2   crime?  Is there anything that you can put your finger on or
 3   does it just happen that way or is it unexplained, tell us
 4   about that.
 5      A.   I think if we could figure that out, that would be
 6   very positive for our society.  But I think there are
 7   individual differences from the individual who has ADHD and
 8   goes on to commit violent offenses and those who don't.
 9           What we do know about Mr. Nelson is in
10   addition to the ADHD, he has a number of risk factors.  The
11   mother who is working two jobs and absent father, verbal
12   abuse, witnessing domestic violence, the minority status,
13   below SCS status, all of those things put an individual at
14   greater risk.  We can't pinpoint what it is that made
15   Mr. Nelson go on and do what he did do.  We just know that
16   when you look at the risk factors that he had, I mean, it was
17   a storm waiting to happen.
```

---

[1] Dr. McGarrahan opined that Mr. Nelson has ADHD. ECF No. 66 at 20.

3

Despite this unambiguous testimony, Dr. McGarrahan argues that Mr. Ricks's allegation that she testified that race was relevant to future dangerousness is "simply not true." ECF No. 64 at 2. She makes a variety of incendiary allegations against Mr. Ricks, including that his claim is "patently untrue," "actually misleading," and contains "important factual misstatements."[2] *Id.* at 3. Dr. McGarrahan also claims that when she discussed "risk factors" she was not referring to Mr. Nelson's likelihood of being a future danger, but instead to the "conditions, issues, [and] factors that put an individual at a greater likelihood to develop a mental illness or condition." ECF No. 65 at 3 (quoting ECF No. 66 at 31).

Dr. McGarrahan's current reinvention of her testimony in Mr. Nelson's case cannot be squared with the plain record, as demonstrated above. At Mr. Nelson's trial, Dr. McGarrahan was asked what makes a person commit crimes and began her response to that question by referencing individuals who commit violent offenses. ECF No. 66 at 18–19. Conveniently, in her Motion and amicus, Dr. McGarrahan leaves out both questions she was answering and the first part of her response when reframing her testimony. *See* ECF No. 65 at 3. Instead, Dr. McGarrahan argues that her answer is best understood as being responsive to a question posed on cross examination *twelve pages later* in the transcript. ECF No. 65 at 3, 7 (citing ECF No. 66 at 31). To support her desired result, Dr. McGarrahan grasps at this later section of the transcript, where she responded to a

---

[2] Notably, Dr. McGarrahan's submission contains a critical and indisputably false statement. She asserts that "[i]ronically, in *Nelson*, the fact that the term 'minority status' had been said was not mentioned in . . . any opinion from any court that considered the writ." ECF No. 65 at 7. The Fifth Circuit, however, noted this precise testimony in disposing of Mr. Nelson's writ and further noted that this testimony was referenced in relation to his ineffective assistance of counsel claim raised in state court. *See Nelson v. Davis*, 952 F.3d 651, 661 (5th Cir. 2020).

Mr. Ricks was not the first capital habeas petitioner to make this assertion regarding Dr. McGarrahan's testimony in Mr. Nelson's case. Amos Wells, whose case is referenced in Mr. Ricks's Amended Petition, was represented by the same trial counsel as Mr. Nelson and Mr. Ricks. *See* ECF No. 35 at 60–62, 66–69. Mr. Wells's state habeas application asserted that "Dr. McGarrahan's inclusion of Mr. Nelson's 'minority status' as a risk factor for violence is redolent of the psychologist who testified that 'the race factor, black' is one of several factors that he considered when assessing future dangerousness. *Buck v. Davis*, 137 S. Ct. 759, 769 (2017)." Ex. 1 at 3–4. Due to the voluminous nature of that pleading, Mr. Ricks attaches excerpts here rather than the full document.

follow-up question to what she meant by "risk factor" after she testified that "there is research, scientific research that does tell us what the risk factors are for individuals who are maltreated." ECF No. 66 at 31. Plainly, her use of the term "risk factor" here is in an entirely different context to the testimony at issue.

Mr. Ricks stands by his description of Dr. McGarrahan's testimony. Although Dr. McGarrahan did not use the phrase "future dangerousness" in her testimony in Mr. Nelson's case, that is plainly what her answer was about. The first special issue answered by a Texas capital jury is commonly labeled the "future dangerousness" question. As defined by statute, that question is "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex. Code Crim. Proc. art. 37.071 § 2(b)(1). Here, the question posed was why people commit crime and her answer included why people go on to commit violent offenses. ECF No. 66 at 18–19. This clearly related to future dangerousness.

Notably, the Director has never argued that Dr. McGarrahan meant anything other than what is plainly reflected in the transcript of Mr. Nelson's trial. *See* ECF No. 47 at 111. Indeed, neither party to these proceedings has ever raised any question as to the meaning of Dr. McGarrahan's testimony, further underscoring the inappropriateness of her attempted role as amicus. *See Evanston Ins. Co.*, 2023 WL 379277, at *2 (denying leave to file amicus because, *inter alia*, brief introduced new factual issues "not previously addressed by the parties").

Second, Dr. McGarrahan has no "unique information or perspective" that would be useful to this Court on what is plainly reflected in the transcript of her testimony at Mr. Nelson's trial. *See* ECF No. 64 at 3 (quoting *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1992)). That record needs no further elucidation. And because resolution of Mr. Ricks's claim depends on the plain record, Dr. McGarrahan's current request impermissibly attempts to

introduce facts into the record. Furthermore, in doing so, Dr. McGarrahan has made herself a fact witness. Factual development or disputes via amicus filings, however, is particularly inappropriate in the habeas context in light of the strict prohibitions and limitations in federal habeas on the introduction of new facts into the record before this Court. *See, e.g.*, 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). Permitting amici to argue new facts runs counter to the legal framework of federal habeas proceedings.

Third, Dr. McGarrahan makes explicit that she seeks to take an adversarial position in these proceedings, and her Motion should therefore be denied. *See Evanston Ins. Co.*, 2023 WL 379277, at *1 ("A court should also consider whether the individual or organization seeking to file the amicus brief is an advocate for one of the parties, which is generally viewed with disfavor."); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) ("Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause."). Although adversarial amicus briefs have become the norm at the appellate level, they are less appropriate at the district court level. *See Leigh*, 535 F. Supp. at 422.

Fourth, assuming Dr. McGarrahan's attempt to intervene is in support of the Respondent, he is represented by capable counsel, the Attorney General of Texas. There is certainly no concern that the Respondent is "poorly represented." *Halo Wireless, Inc.*, 684 F.3d at 596 (explaining that if a party is poorly represented an amicus may be useful). Instead, the proposed amicus "would merely allow the [Respondent] to have an additional, and unfair, opportunity to re-argue the facts and law of its case." *Evanston Ins. Co.*, 2023 WL 379277, at *2.

6

As Dr. McGarrahan explains in her Motion for Leave, her counsel requested that counsel for Mr. Ricks "file a second amended writ that does not include the language" describing her testimony at Mr. Nelson's trial "but that request was refused." ECF No. 64 at 2–3. Having failed to obtain the retraction of this allegation, she now turns to this Court under the guise of amicus curiae. But, she should not be permitted to subvert this role to reinvent the plain meaning of her testimony that "the minority status" of the defendant, a Black man, made him more likely to commit crime. ECF No. 66 at 18–19. Because she fails to satisfy the basic benchmarks justifying an amicus, her Motion for Leave should be denied.

**III.    Additional information is relevant to the proposed amicus filing.**

Two additional facts raise concerns regarding the proposed amicus filing. The Respondent in this case is Bobbly Lumpkin, the Director of the Correctional Institutions Division for the Texas Department of Criminal Justice ("TDCJ"). As of 2022, Dr. McGarrahan had a "Consulting Appointment" with TDCJ. Ex. 2 at 2 (Dr. Antoinette McGarrahan's Curriculum Vitae). Mr. Ricks is not aware of the specifics of this relationship, but assuming that Dr. McGarrahan intends to support the Respondent, her work for TDCJ raises questions about her impartiality in this matter.

Furthermore, counsel for Dr. McGarrahan, Greg Westfall, is married to the trial judge who presided over Mr. Ricks's trial, Judge Mollee Westfall. Judge Westfall also entered findings of fact and conclusions of law recommending that relief be denied to Mr. Ricks in state habeas proceedings, ECF No. 52-7 at 4, including regarding his Sixth Amendment claim that trial counsel were ineffective for failing to investigate and present mitigation evidence, ECF No. 52-4 at 402–41. Those findings were ultimately upheld by the Texas Court of Criminal Appeals. *Ex parte Ricks*, No. WR-85,278-01, 2020 WL 6777958, at *2 (Tex. Crim. App. Nov. 18, 2020). Although this issue regarding Dr. McGarrahan was not raised in state court, the Respondent's position is that the related claim raised in state court "overlaps with the claim presented" in federal court, is exhausted,

7

and that the state court's rejection of that claim was reasonable under 28 U.S.C. § 2254(d). ECF No. 47 at 91–92. Within the contours of federal habeas proceedings, a preliminary question is whether the state court's disposition of the claim at issue was reasonable. *See* 28 U.S.C. § 2254(d). Here, the Respondent's position is that it was reasonable, and amicus appears to be supporting the party that is seeking to uphold Judge Westfall's decision as reasonable.[3] Yet, the relationship between the trial judge and amicus's counsel was not disclosed to this Court.

Because the proposed amicus filing did not notify this Court of these facts, Mr. Ricks does so now. He takes no current position on their bearing, other than that they should have been disclosed to this Court and that they may be relevant to the appropriateness of this amicus filing under these circumstances.

## IV.    Conclusion.

For these reasons, Mr. Ricks opposes Dr. McGarrahan's Motion for Leave and respectfully requests that it be denied. Should this Court grant Dr. McGarrahan's Motion, Mr. Ricks respectfully requests that he be permitted to respond to Dr. McGarrahan's allegations and develop the relevant factual record.

---

[3] In light of the procedural posture of Mr. Ricks's case, this Court should "look through" the largely unexplained Texas Court of Criminal Appeals decision to the lower court's specific rationales. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Respectfully submitted,

DATE: May 23, 2023					JASON D. HAWKINS
							Federal Public Defender

							*/s/ Jeremy Schepers*
							Jeremy Schepers (TX 24084578)
							Supervisor, Capital Habeas Unit

							Naomi Fenwick (TX 24107764)
							Assistant Federal Public Defender

							Office of the Federal Public Defender
							Northern District of Texas
							525 S. Griffin St., Ste. 629
							Dallas, TX 75202
							214-767-2746
							214-767-2886 (fax)
							jeremy_schepers@fd.org

							*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was filed in the CM/ECF on May 23, 2023, which will serve all registered users in this case.

*/s/ Jeremy Schepers*
Jeremy Schepers