IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEDRIC ALLEN RICKS,**<br>    Petitioner,<br><br>    v.<br><br>**BOBBY LUMPKIN, Director,**<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Case No. 4:20-CV-1299-O<br><br>U.S. District Judge Reed C. O'Connor |

## REPLY IN SUPPORT OF MOTION FOR DISCOVERY

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

**THIS IS A CAPITAL CASE**

**ARGUMENT**

Mr. Ricks has requested limited discovery, specifically to depose the two trial prosecutors, in support of his *Baston*[1] claim and ineffective-assistance-of-appellate-counsel *Batson* claim (IAAC *Batson*). ECF No. 67. In opposing Mr. Ricks's motion for discovery, the Director advances three main arguments, none of which has merit. Mr. Ricks's request should therefore be granted.

First, the Director claims that Mr. Ricks cannot show good cause for obtaining discovery because his claim is procedurally defaulted. *See* ECF No. 68 at 4. But as Mr. Ricks explained in his motion for stay and abeyance, Mr. Ricks's *Baston* claim was never presented to the state courts, has potential merit, and has an available state court avenue because it was previously unavailable to him. *See* ECF No. 48 at 4–7. Thus, it is the proper provenance of the state court to resolve Mr. Ricks's *Batson* claim in the first instance. *See id.* at 2 (citing *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)). Should this Court decline to allow the state court to adjudicate this claim pursuant to these well-established principles, Mr. Ricks can establish cause to overcome any default of this claim, either based on the unavailability of the State's jury-selection materials or the ineffective assistance of appellate counsel. ECF No. 63 at 2–4. Therefore, procedural default is no barrier to the limited discovery requested here.

Second, the Director argues that various procedural rules bar the introduction of new evidence in support of Mr. Ricks's *Batson* and IAAC *Batson* claims. *See* ECF No. 68 at 5–8. This argument likewise lacks merit. At the outset, Mr. Ricks's position has remained that cause exists to allow review of his *Batson* claim in part because he "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see* ECF No. 38 at 2–3. Thus, the Director's reliance

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

1

on *Shinn v. Martinez Ramirez*, 142 S. Ct. 718 (2022), is inapposite because Mr. Ricks does not rely exclusively on the ineffective assistance of prior counsel to show cause and does not assert that state habeas counsel was ineffective regarding these claims. *See* ECF No. 68 at 5–7. But even to the extent that *Martinez Ramirez* is implicated here, that case does not preclude Mr. Ricks from returning to the state court to present his unexhausted *Batson* claim and the evidence supporting it, as the Texas Court of Criminal Appeals is entitled to determine whether it can review that new evidence in compliance with state procedural rules. *See* ECF No. 48 at 4–5; ECF No. 68 at 7 n.7.

Moreover, 28 U.S.C. § 2254(e)(2) does not preclude consideration of new evidence supporting Mr. Ricks's *Batson* and IAAC *Batson* claims. *See* ECF No. 68 at 7–8. That provision is triggered only when the petitioner is at fault for the failure to develop the evidentiary record in state court. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 435 (2000). As Mr. Ricks has demonstrated in various pleadings, he was diligent in pursing these claims but was prevented from accessing the State's racially-coded notes. *See* ECF No. 38 at 3–4, 7; ECF No. 63 at 3–5; ECF No. 67 at 2–4. Because Mr. Ricks is not at fault, § 2254(e)(2) does not stand in the way of his discovery request.

Third, the Director argues that because Mr. Ricks fails to make a prima facie case of his *Batson* claim, he is not entitled to discovery. *See* ECF 68 at 8–9. As demonstrated in the Amended Petition and the motion to stay and abey, however, Mr. Ricks has demonstrated that Black veniremembers were disproportionately struck and that the State's proffered reasons for striking these veniremembers were pretextual. *See* ECF No. 35 at 23–37; ECF No. 38 at 4–6. He has therefore established a prima facie case supporting his request for limited discovery.

## CONCLUSION

In sum, Mr. Ricks respectfully requests that the Court grant his motion for discovery.

Respectfully submitted,

DATE: June 2, 2023

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

**/s/ *Naomi Fenwick***
Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Motion for Discovery has been served by CM/ECF upon counsel for the Respondent on June 2, 2023:

Jay Clendenin
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

                                              /s/ *Naomi Fenwick*
                                              Assistant Federal Public Defender