IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| **CEDRIC ALLEN RICKS,**<br>    Petitioner,<br><br>    v.<br><br>**BOBBY LUMPKIN, Director,**<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Case No. 4:20-CV-1299-O<br><br>U.S. District Judge Reed C. O'Connor |

## OPPOSED MOTION TO ALTER OR AMEND JUDGMENT

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

**THIS IS A CAPITAL CASE**

On September 26, 2023, the Court issued a Memorandum Opinion and Order denying Cedric Ricks's Amended Petition for a federal writ of habeas corpus, denying his Motion for Discovery and Motion for Stay and Abeyance, and declining to certify any issues for appeal. ECF No. 71 at 29. Mr. Ricks files this Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) and respectfully asks that the Court correct manifest errors of law and fact in the resolution of his claims for relief. For the reasons set forth below, the Court should alter or amend its judgment and grant habeas relief.

**I.   Federal Rule of Civil Procedure 59(e) allows courts to correct manifest errors of law or fact.**

Rule 59(e) motions are "part and parcel of the first habeas proceeding" and permit "a district court [to] reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1702–03 (2020). This allows "a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* at 1703 (quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). A Rule 59(e) motion is used "to correct manifest errors of law or fact or to present newly discovered evidence." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed within twenty-eight days of judgment being entered. Fed. R. Civ. P. 59(e). Timely filed Rule 59(e) motions are "thoroughly consistent with the spirit of the habeas corpus statutes." *Browder v. Director, Dep't of Corrs. of Ill.*, 434 U.S. 257, 271 (1978); *see Banister*, 140 S. Ct. at 1706–07. Mr. Ricks's motion is both proper and timely.

**II.   The Court erred in concluding that the jury's exposure to Mr. Ricks in shackles was invited error and that this exposure was not harmful.**

In Claim Four of his Amended Petition, Mr. Ricks alleged that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated when the jury saw him in shackles as he walked

1

from the witness stand to the defense table. ECF No. 35 at 45–51. In resolving this claim against Mr. Ricks, the Court stated that "any exposure of Ricks's shackles to the jury was an invited error" because Mr. Ricks "got up of his own volition after testifying and walked back to the defense table before anyone in the courtroom could object or intervene." ECF No. 71 at 13 (citing ECF No. 52-4 at 74–75). The Court further stated that, even if this was not invited error, Mr. Ricks failed to show harm. *Id.* at 14. The Court's resolution of this claim was based on a manifest error of fact because Mr. Ricks was following the trial court's instruction to return to the defense table and manifest error of law because the Court failed to address Mr. Ricks's arguments that he was harmed.

### 1. The Court's conclusion that Mr. Ricks invited error is based on factual error.

The trial record establishes that Mr. Ricks was instructed by the trial court to walk from the witness stand to defense counsel's table in the presence of the jury. Pre-trial, the trial court granted Mr. Ricks's motion that he appear in civilian clothing and without physical restraints. 1 CR 171–72; 5 RR 74. Nevertheless, Mr. Ricks was in shackles and a shock belt during trial. *See* 38 RR 128. The trial court did not make any findings on the record explaining why Mr. Ricks was in shackles and a shock belt.[1] At punishment, Mr. Ricks testified and, after his testimony, was instructed by the trial court to "step down" and return to counsel's table.

---

[1] In his Amended Petition, Mr. Ricks alleged that the trial court's failure to articulate reasons for placing him in shackles and a shock belt likewise violated his rights under the Fifth, Sixth, and Fourteenth Amendments. ECF No. 35 at 48–49. The Court resolved this allegation against Mr. Ricks. ECF No. 71 at 14. Mr. Ricks does not concede the correctness of the Court's resolution of that issue.

```
18         MR. GILL:  We pass the witness.
19         MR. RAY:   Nothing further.
20         THE COURT: You may step down, sir.
21         (Defendant returned to counsel table.)
```

40 RR 85. The State's closing argument confirms that the jury saw Mr. Ricks in shackles as he walked from the witness stand to counsel's table: "You saw him walk back to counsel table this morning with shackles on." *Id.* at 128.

The trial record establishes that Mr. Ricks walked back to counsel's table in shackles and in the presence of jury because he was instructed to do so by the trial court. The Court's conclusion that Mr. Ricks "got up of his own volition" and thus invited error is based on an error of fact. Mr. Ricks respectfully asks that the Court correct this manifest error of fact, amend its judgment, and grant Mr. Ricks habeas relief on this claim.

### 2. The Court did not engage with Mr. Rick's arguments establishing harm.

In his Amended Petition, Mr. Ricks advanced several arguments to meet his burden of showing that his shackling "had substantial and injurious effect or influence in determining the jury's verdict." ECF No. 35 at 49–51 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). For example, Mr. Ricks pointed to the fact that the State expressly relied on the jury's exposure to his shackling in support of its case on future dangerousness in closing argument: "You saw him walk back to counsel table this morning with shackles on . . . He's not going to be like that in the penitentiary. It's a different setting. It's completely different." *See* ECF No. 35 at 50 (citing 40 RR 128). The State did precisely what the Supreme Court cautioned against when it held that shackling violated due process and used Mr. Ricks's shackling to "be a thumb on death's side of the scale." *Deck v. Missouri*, 544 U.S. 622, 633 (2005). The Court's resolution of this claim, however, does not engage with any of Mr. Ricks's argument in support of establishing harm. *See* ECF No. 71 at

3

14. Mr. Ricks respectfully asks that the Court engage with his harm arguments, conclude that he had established harm, and grant habeas relief on this claim.

### III. The Court erred when it concluded that there was no basis upon which trial counsel could have objected to Mr. Ricks's shackling.

In Claim Five of his Amended Petition, Mr. Ricks alleged that trial counsel's failure to object to the jury's exposure to Mr. Ricks in shackles violated his Sixth Amendment right to the effective assistance of counsel. ECF No. 35 at 52–56. The Court's resolution of this allegation is based on error of fact.

The Court resolved Mr. Ricks's allegation that counsel rendered deficient performance by failing to object when the jury saw him in shackles based on its conclusion that the jury's exposure was "of Ricks's making." ECF No. 71 at 21. As argued above, Mr. Ricks was seen by the jury in shackles because he was instructed by the trial court to return to counsel table. It was therefore not a situation of Mr. Ricks's own making, as he was simply following the instructions he received from the trial court.

The Court also concluded that "[i]t is also unclear what objection Ricks's trial counsel could have made once Ricks chose to display his shackles in front of the jury." *Id.* This conclusion, however, ignores the fact that trial counsel had been granted its request that Mr. Ricks not appear shackled. *See* 5 RR 74. The relevant question then was not only what trial counsel could have done when the trial court instructed Mr. Ricks to step down, but also why they did not object to him being in shackles while testifying, in light of the pretrial rulings. Mr. Ricks respectfully asks that the Court correct these manifest errors of fact, amend its judgment, and grant Mr. Ricks habeas relief on this claim.

4

### IV. Conclusion.

In light of the manifest errors of law and fact in its Memorandum Opinion and Order, the Court should alter or amend its judgment pursuant to Rule 59(e) and grant Mr. Ricks habeas relief.

DATE: October 20, 2023

JASON D. HAWKINS
Federal Public Defender

**/s/ _Naomi Fenwick_**
Naomi Fenwick (TX 24107764)
Assistant Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org

*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

Naomi Fenwick, counsel for Petitioner, conferred with opposing counsel, Jay Clendenin of the Texas State Attorney's General Office, on October 19, 2023, and Mr. Clendenin is opposed to the relief sought in this motion.

<u>/s/ *Naomi Fenwick*</u>

Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Alter or Amend Judgment has been served by CM/ECF upon counsel for Respondent on October 20, 2023:

Jay Clendenin
Assistant Attorney General
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

<u>/s/ *Naomi Fenwick*</u>

Assistant Federal Public Defender