UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEDRIC ALLEN RICKS,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:20-CV-1299-O |
| **BOBBY LUMPKIN, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Petitioner Cedric Allen Ricks's Motion to Alter or Amend Judgment (ECF No. 73), filed October 20, 2023; and Respondent Bobby Lumpkin's Response in Opposition to the Motion (ECF No. 74), filed November 10, 2023. For the reasons set forth herein, the Court **DENIES** the Motion to Alter or Amend Judgment.

### I. BACKGROUND

On September 26, 2023, the Court denied the Amended Petition for Writ of Habeas Corpus and Motions for Stay and Abeyance and for Discovery filed by Cedric Allen Ricks ("Petitioner"). *See* Mem. Op. & Order, ECF No. 71. The Court also denied certificates of appealability on all underlying claims for federal habeas relief and entered final judgment in this case. *Id.*; Final J., ECF No. 72. Petitioner now moves the Court to alter or amend that judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e). In support of this instant motion, Petitioner contends that the Court committed manifest errors of law and fact in the resolution of Petitioner's fourth and fifth claims for federal habeas relief.

### II. LEGAL STANDARD

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas*

*Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To that end, it has been well-established that Rule 59(e) does not sanction federal courts to alter or amend judgments except for the narrow purposes of: (1) accommodating an intervening change in controlling law; (2) accounting for newly discovered evidence; or (3) correcting a manifest error of law or fact. *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Correspondingly, Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Absent any manifest error of law or fact, newly discovered yet previously unavailable evidence, or intervening change in controlling law, then, Rule 59(e) will not avail of any post-judgment relief. *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Overall, the standards governing Rule 59(e) motions "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Boudreaux*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. ANALYSIS

Petitioner fails to demonstrate that the Court manifestly erred in denying the collateral attacks to Petitioner's conviction and sentence that were premised upon: (1) a due process of law deprivation from the exposure of Petitioner's shackles to the jury during the punishment phase of the capital murder trial; and (2) ineffective assistance of trial counsel for the failure to object to the exposure of Petitioner's shackles to the jury during the capital murder trial.

With regards to the first of these claims for federal habeas relief, Petitioner raised a similar argument in state habeas proceedings. *See* State Application 115-20, ECF No. 52-1. Outside the

presence of the jury, Petitioner announced that he wished to exercise his right to testify, and, at the request of his counsel, the state trial court arranged for Petitioner to be placed on the witness stand outside the presence of the jury with Petitioner's leg shackles concealed from the jury's view. *See* 40 R.R. 26-27. At the conclusion of cross-examination, Petitioner returned to his seat at the defense table, briefly exposing his leg shackles to the jury. *See* 40 R.R. 85.

Based on a thorough review of the state trial court record and sworn affidavit provided by Petitioner's lead trial counsel, the state habeas trial court made the following findings: (1) Petitioner never entered or exited the courtroom in the jury's presence while wearing shackles; (2) three-sided floor-length skirts were placed around the parties' tables throughout trial to shield Petitioner's shackles from the jury; (3) Petitioner was well aware that he was not supposed to be seen wearing the shackles in front of the jury; (4) Petitioner was seated at the witness stand outside the presence of the jury so that jurors would not see him wearing the shackles while testifying; (5) upon the conclusion of his punishment phase testimony, Petitioner got up and paraded back to defense table before anyone could stop him, which came as a complete surprise to his trial counsel; (6) Petitioner's conduct was of his own volition and caught everyone by surprise; (7) any exposure of Petitioner's leg shackles to the jury was solely the product of Petitioner's own volitional conduct; (8) while Petitioner paraded back to defense table, no one in the courtroom took any action that would have indicated to the jury that Petitioner posed a danger in the courtroom; (9) any potential viewing by the jury of Petitioner's shackles would have been brief; (10) there is no evidence of the jury's awareness of Petitioner's shackles at any time other than when the prosecution briefly referenced them in punishment-phase closing argument; (11) the prosecution's closing argument reference was brief, isolated, a mere reference to Petitioner's own volitional conduct in the jury's presence, and a response to the defense's jury argument regarding Petitioner's

future dangerousness; (12) the court did not create any circumstances that placed Petitioner's shackles in potential view of the jury; (13) the jury's knowledge that Petitioner rejected a life sentence offer—acquired from Petitioner's own testimony—eliminated any potential impact of the leg shackles on the determination of Petitioner's character or future dangerousness; and (14) Petitioner's leg shackles did not amount to a deprivation of due process of law. *See* FFCL ¶¶ 1-48, ECF No. 52-4.

On federal habeas review, the Court adopted all of these findings as its own. These findings remain fully supported by the record. Moreover, it is clear from the state trial record and trial counsel affidavit that Petitioner was fully aware he was not supposed to display or otherwise make visible his leg shackles in the presence of the jury. Yet Petitioner chose to do so anyway. And he did so just after eliciting testimony under oath that refused to accept any responsibility for his crimes and informed the jury of his rejection of a life sentence offer.

Under these circumstances, the Court independently finds that Petitioner deliberately attempted to manufacture a mistrial by immediately departing the witness stand and returning to the defense table after cross-examination—before anyone else in the courtroom had the opportunity to object or intervene. The Court finds that these actions amounted to a form of invited trial court error. *See United States v. Momoth*, 47 F.4th 394, 398 (5th Cir. 2022) (recognizing that under the invited error rule, absent manifest injustice, no reversal of a criminal conviction will result from error that can be attributed to the actions of the defense); *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2021) (explaining that "manifest injustice" occurs when the error was so patent as to have seriously jeopardized the rights of the defendant); *Druery v. Thaler*, 647 F.3d 535, 545 (5th Cir. 2011) (applying the invited error rule in a federal habeas context).

Notwithstanding this, the Court concluded that any error arising out of Petitioner's decision

4

to display his leg shackles before the jury was harmless and not prejudicial under the constitutional standard for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Simply put, by the time Petitioner concluded his punishment-phase testimony, no rational juror could have answered either of the Texas capital sentencing special issues in a manner favorable to the defense. The Court further notes that this unassailable finding may have been the motivating force behind Petitioner's attempt to manufacture a mistrial at the eleventh hour of the capital murder trial. Under the record now before this Court, the incident in question rises no higher than harmless error. *See Brecht v. Abrahamson*, 507 U.S. 619, 623-24 (1993) (holding that an error was harmless unless it "had a substantial and injurious effect or influence in determining the jury's verdict"); *United States v. Hill*, 63 F.4th 335, 345-46 (5th Cir. 2023) (holding that even in the absence of on-the-record trial court findings justifying shackling, a brief and inadvertent exposure of the jury to a defendant in handcuffs is not so inherently prejudicial as to require a mistrial).

In light of the foregoing, the Court finds that Petitioner has failed to demonstrate a manifest error of law or fact in the decision to reject Petitioner's due process of law and ineffective assistance claims arising out of his shackling at the capital murder trial. The Court concludes that, even under *de novo* review, the fourth and fifth claims in the Amended Petition still do not warrant federal habeas relief and were properly denied. Based on that conclusion, the Court holds that Petitioner's Rule 59(e) Motion warrants neither the alteration or amendment of the Final Judgment entered in this case, nor the issuance of a Certificate of Appealability on the due process of law or ineffective assistance claims arising out of Petitioner's shackling at the capital murder trial.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that the Motion to Alter or Amend Judgment (ECF No. 73) and all relief requested therein should be and is hereby **DENIED**; and that a Certificate of

Appealability is **DENIED** on all claims in this federal habeas corpus proceeding.

**SO ORDERED** on this **22nd day** of **November, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE